IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD WHITLEY, on behalf of himself and a class of those who are similarly situated, ) ) ) *Plaintiff*, ) ) v. ) ) J.P. MORGAN CHASE & CO.; J.P. MORGAN ) INVESTMENT MANAGEMENT INC., aka J.P. ) MORGAN ASSET MANAGEMENT; J.P. ) MORGAN RETIREMENT PLAN SERVICES ) LLC; and J.P. MORGAN DEFINED ) CONTRIBUTION INVESTMENT SOLUTIONS, ) ) *Defendants*. ) ) | Case No. 12-cv-2548 The Honorable John G. Koeltl |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ADD PARTIES**

Plaintiff submits this Memorandum of Law in support of his motion for leave to file a First Amended Complaint naming additional parties, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure. A copy of the proposed First Amended Complaint is attached as Exhibit A.

**BACKGROUND**

Plaintiff filed this action on April 3, 2012. Rec. Doc. 1. On July 17, 2012, Defendants filed a Motion for Summary Judgment and Partial Motion to Dismiss Plaintiff's Complaint. Rec. Doc. 29. On September 5, 2012, the parties conducted a conference with the Court at which it was determined that Plaintiff would submit a First Amended Complaint, and Defendants would withdraw their pending Motion for Summary Judgment and Partial Motion to Dismiss. Rec. Doc. 42. On September 10, 2012, the parties submitted a Joint Scheduling Stipulation, which this

1

Court entered as a Scheduling Order on September 11, 2012, providing that Plaintiff would file a First Amended Complaint on or before September 24, 2012. Rec. Doc. 41.

Plaintiff Richard Whitley, a 401(k) participant in his employer Hospira's retirement plan, had invested in JP Morgan's Stable Value Funds. He brought his complaint seeking to represent other similarly situated 401(k) participants who have invested in JP Morgan's Stable Value Funds. Now Plaintiff seeks to add five additional individual plaintiffs who are participants in defined contribution retirement plans, and who had allocated funds to JP Morgan's Stable Value Funds through those plans, and desire to join this action. Thus, Plaintiff's First Amended Complaint would now add the following individuals as plaintiffs and putative class representatives:

(1)     Terry J. Koch, who, at all relevant times has been, and continues to be, a participant in the Caterpillar 401(k) Retirement Plan (the "Caterpillar Plan"), a defined contribution retirement plan that is subject to ERISA. At all relevant times, Mr. Koch has had 401(k) funds allocated to JPM's Caterpillar Stable Principal Fund, which is one of the Stable Value Funds at issue in this action.

(2)     Caroleta M. Duran, who, at all relevant times has been, and until August, 2011, was a participant in the Caterpillar Plan. At all relevant times prior to withdrawing from the Caterpillar Plan, Ms. Duran had 401(k) funds allocated to JPM's Caterpillar Stable Principal Fund, which is one of the Stable Value Funds at issue in this action.

(3)     Mark D. Grandy, who, at all relevant times has been a participant in the Mitsubishi Motors North America, Inc. Manufacturing Division 401(k) Savings Plan (the "Mitsubishi Plan"). The Mitsubishi Plan is a defined contribution retirement plan that is subject

to ERISA. At all relevant times, Mr. Grandy has had 401(k) funds allocated to JPM's Stable Value Fund, which is one of the Stable Value Funds at issue in this action.

(4)     John M. Gates, who, at all relevant times has been a participant in the Titan International, Inc., Employees' Retirement Savings Plan (the "Titan Plan"). The Titan Plan is a defined contribution retirement plan that is subject to ERISA. At all relevant times, Mr. Gates has had 401(k)s funds allocated to JPM's Stable Asset Income Fund, which is one of the Stable Value Funds at issue in this action.

(5)     Scott Newell, who, at all relevant times has been a participant in the Titan Plan. At all relevant times, Mr. Newell has had 401(k) funds allocated to JPM's Stable Asset Income Fund, which is one of the Stable Value Funds at issue in this action.

Plaintiffs have further determined that an additional JP Morgan entity, JPMorgan Chase Bank, N.A., served as trustee and fiduciary of the Stable Value Funds. Thus, the proposed Amended Complaint names that entity as an additional Defendant as well.

Therefore, even though this Court has previously considered and approved Plaintiff's filing of a First Amended Complaint, because the proposed amendment would add additional parties, Plaintiff now seeks leave of court pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, to file his First Amended Complaint. For the following reasons, the requested leave should be granted.

## ARGUMENT

### A.     Legal Standard

The Federal Rules of Civil Procedure establish a liberal standard for allowing amendment of pleadings. Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). As the Second Circuit has recognized, "refusal to grant leave

without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995). Accordingly, "[i]f no prejudice is found, then leave normally will be granted." *See* Wright & Miller, Fed. Prac. & Proc. Civ. 2d §1484 (1990 & 2000 Supp.); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (holding that a "motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'") (citation omitted).

The addition of new parties to an action is governed by Rule 21. *Chowdhury v. Haveli Restaurant, Inc.*, 04 CV 8627, 2005 WL 1037416, *1 (S.D.N.Y. May 3, 2005). Rule 21 provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The same liberal standard favoring amendment under Rule 15 applies to Rule 21. *Chowdhury*, 2005 WL 1037416 at *2 (citing *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y.1997) ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.") (internal quotations and citations omitted)).

Because Rule 21 does not establish a standard for allowing new parties, motions to amend a complaint by adding new plaintiffs are determined based on the standard set forth in Rule 20, which allows permissive joinder of plaintiffs who "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a). *See Roe v. City of New York*, 151 F. Supp. 2d 495, 508-09 (S.D.N.Y. 2001) (citing *Abraham v. Volkswagen*, 795 F.2d 238, 251 (2d

Cir.1986) (Rule 20(a) requires that a "question of law or fact common to all parties will arise in the litigation" for plaintiffs to be joined). Joinder of appropriate parties is encouraged so that common issues may be addressed in a single action. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

As discussed below, Plaintiff's proposed amendment should be allowed because it seeks to add additional plaintiffs who assert the same claims against the same Defendants based on the same wrongful conduct. That proposed amendment is made in good faith, will not delay the resolution of this matter, and will not prejudice Defendants.

**B.     The proposed amendment will not delay this matter or prejudice Defendants**

As noted above, the Court and the parties have already agreed that Plaintiff would file a First Amended Complaint. Rec. Docs. 41, 42. Therefore, the only question remaining is whether the proposed addition of new parties will unduly delay this matter or prejudice Defendants. It will not. First, these proceedings are in their early stages, and the proposed amendment should not require any alteration of the scheduling order currently in place. All of the proposed additional plaintiffs are similarly situated to Plaintiff, in that they are all participants in defined contribution retirement plans who allocated funds to JP Morgan Stable Value Funds, and they are asserting precisely the same causes of action against Defendants based on precisely the same alleged wrongful conduct. Therefore, the joinder of the proposed additional plaintiffs is proper under Rule 20 and will not affect Defendants ability to file responsive pleadings within the time periods set forth in the stipulated scheduling order. Nevertheless, even if some delay were to result from adding those parties, that alone would not be a sufficient basis for denial of the proposed amendment. *See, e.g., Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 398 (E.D.N.Y.1998) ("Where the asserted claims of the proposed additional plaintiffs are identical to

those of the original plaintiff and arise from the same conduct, defendants will not be prejudiced in defending their claims."); *Junior Gallery v. Neptune Orient Line*, No. 94-4518, 1997 U.S. Dist. LEXIS 499, **14-15 (S.D.N.Y. Jan. 22, 1997) (citing *Soler v. G & U, Inc.*, 103 F.R.D. 69, 74 (S.D.N.Y. 1984) (absent bad faith or prejudice, delay held insufficient ground to bar new plaintiffs where claims were sufficiently similar)).

Further, the parties have agreed that they will only conduct very limited discovery at this time, pending the filing of Plaintiff's Amended Complaint and the resolution of Defendant's anticipated motion to dismiss that Amended Complaint on legal grounds and/or for summary judgment. Rec. Doc. 41. Thus, the proposed addition of parties will not substantially delay this matter, as discovery has not yet begun in earnest. Moreover, because all of the proposed plaintiffs assert the same claims based on the same alleged wrongful conduct by the same Defendants, the scope of discovery will not be greatly affected, if at all, by the proposed amendment. And even if some additional discovery is required, the necessity of additional discovery does not constitute grounds for denying an amendment, absent some showing that Defendants would be unduly prejudiced as a result. *See United States v. Cont'l Ill. Nat. Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("The adverse party's burden of undertaking [additional] discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."). This is particularly true here, because joining the additional plaintiffs in this proceeding actually will result in a far more efficient use of the Court's and the parties' resources than requiring them to file their identical claims in separate actions. Thus, the proposed amendment adding additional plaintiffs should be allowed, as it will not cause undue delay or prejudice Defendants, and it will promote judicial economy.

Nor will Defendants be prejudiced by the addition of JPMorgan Chase Bank, N.A., as a Defendant in the Amended Complaint based on its role as trustee of the Stable Value Funds. That entity is part of JP Morgan's consolidated operations, and, as such, had at least constructive notice of Plaintiff's suit. As such, Defendants will not be prejudiced by the addition of that entity as a Defendant. *See Open Hous. Ctr., Inc. v. Kessler Realty, Inc.*, 2001 U.S. Dist. LEXIS 17596, \*\*32-34 (E.D.N.Y. Sept. 18, 2001) (granting plaintiff's motion to amend complaint naming corporations owned by defendant). Moreover, Defendants have already challenged whether certain Defendants were properly named in Plaintiff's original complaint, Rec. Doc. 29, and they may re-assert that same argument with respect to JPMorgan Chase Bank, N.A., or any other Defendants, if necessary, in response to the proposed First Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiff's Motion for Leave to File First Amended Complaint and Add Parties and direct that the proposed First Amended Complaint be filed into the record of this matter.

Dated: September 21, 2012                     Respectfully submitted,

/s/ Michael M. Mulder

| | |
|---|---|
| Kevin Madonna (Bar No. KM5595) | Thomas R. Meites, Esq. |
| KENNEDY & MADONNA, LLP | Michael M. Mulder, Esq. |
| 48 Dewitt Mills Rd. | MEITES MULDER |
| Hurley, NY 12443 | 321 S. Plymouth Ct., Ste. 1250 |
| Tel: 845-481-2622 | Chicago, Ill.  60604 |
| Fax: 845-230-3111 | Tel: 312-263-0272 |
| | Fax: 312-263-2942 |
| | trmeites@mmmglaw.com |
| | mmmulder@mmmglaw.com |
| | *Appearing pro hac vice* |

| | |
|---|---|
| Garrett W. Wotkyns, Esq.<br>SCHNEIDER WALLACE COTTRELL<br>  BRAYTON KONECKY LLP<br>8501 N. Scottsdale Road, Suite 270<br>Scottsdale, Arizona  85253<br>Tel: (480) 428-0144<br>Fax: (866) 505-8036<br>gwotkyns@schneiderwallace.com<br>*Appearing pro hac vice* | Jason Kim<br>SCHNEIDER WALLACE COTTRELL<br>BRAYTON KONECKY LLP<br>180 Montgomery Street, Suite 2000<br>San Francisco, California  94104<br>Tel: (415) 421-7100<br>Fax: (415) 421-7105<br>jkim@schneiderwallace.com<br>*Appearing pro hac vice* |
| Joseph Peiffer, Esq.<br>FISHMAN HAYGOOD PHELPS<br>  WALMSLEY WILLIS & SWANSON, LLP<br>201 St. Charles Avenue, Suite 4600<br>New Orleans, Louisiana  70170<br>Tel: (504) 586-5252<br>Fax: (504) 586-5250<br>jpeiffer@fishmanhaygood.com<br>*Appearing pro hac vice* | Peter Mougey, Esq.<br>James Kauffman, Esq.<br>LEVIN PAPANTONIO THOMAS<br>MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 So. Baylen Street, Suite 600<br>Pensacola, FL  32502<br>pmougey@levinlaw.com<br>jkauffman@levinlaw.com<br>*Appearing pro hac vice* |

ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 21, 2012, I caused the foregoing Memorandum in Support of Plaintiff's Motion For Leave to File First Amended Complaint and Add Parties and Appended Exhibit – The First Amended Complaint to be filed with the Clerk of the Court via ECF, with notification of such filing to be sent electronically to:

Greg Braden
Azeez Hayne
Melissa Hill
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
gbraden@morganlewis.com
ahayne@morganlewis.com
mhill@morganlewis.com

/s/ Michael M. Mulder
*One of the attorneys for Plaintiff and the Proposed Class*