IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD WHITLEY, CAROLETA M. DURAN, TERRY J. KOCH, MARK D. GRANDY, JOHN M. GATES, and SCOTT NEWELL, on behalf of themselves and those similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> J.P. MORGAN CHASE & CO.; JPMORGAN CHASE BANK N.A.; J.P. MORGAN INVESTMENT MANAGEMENT INC., aka J.P. MORGAN ASSET MANAGEMENT; and JPMORGAN RETIREMENT PLAN SERVICES LLC, <br><br> *Defendants*. | Case No. 12-cv-2548 <br> The Honorable John G. Koeltl |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

On January 23, 2013, Defendants submitted their Notice of Supplemental Authority in support of their pending Motion to Dismiss Plaintiffs' First Amended Complaint, citing *In re SLM Corp. ERISA Litig.*, No. 10-cv-4061 (2d Cir. Dec. 26, 2012) ("Slip Op."). Plaintiffs respond as follows:

**I.   DISCUSSION**

In their Opposition to the Defendants' Motion to Dismiss, Plaintiffs showed that under the Second Circuit's recent decision in *NECA – IBEW Health and Welfare Fund*, 693 F.3d 145, 165 (2d Cir. Sept. 6, 2012), their Amended Complaint establishes statutory and Article III standing against each of the Defendants, and therefore any remaining issues about the scope of the proposed class should be addressed in conjunction with Plaintiffs' motion for class

certification and not as a matter of jurisdictional standing. See Dkt. #54, pp. 23-25. Defendants' reliance on the Second Circuit's December 26, 2012 opinion in *In re SLM Corp. ERISA Litig.*, No. 10-cv-4061 (2d Cir. Dec. 26, 2012), provides no grounds for departing from *NECA – IBEW*'s precedent. See Opinion attached as Exhibit 1.

      First, Defendants fail to acknowledge anywhere that the cursory single paragraph in *In re SLM Corp. ERISA Litig.* that purports to address standing is of no precendential value. The Second Circuit disposed of the case by issuing a summary order. Under the Second Circuit's Local Rule 32.1.1, cases that are disposed of by summary order " do not have precedential effect."

      Second, *In re SLM Corp., ERISA Litig.* addresses a situation that is not presented in the instant case and is therefore of no assistance in determining whether Plaintiffs have standing to assert ERISA claims on behalf of all participants who were invested in any of JPM's Stable Value Funds during the class period. They have such standing because, among other things, the Stable Value Fund's assets are held in one or more collective trusts managed by JPM, each of which held substantial assets in the same commingled investment fund – the JPM's Intermediate Bond Fund. Am. Comp. pp. 93, 95.

      In *In re SLM Corp. ERISA Litig.*, the Second Circuit merely decided that 401(k) participants in the company's *savings* plan did not have standing to bring claims on behalf of the company's *retirement* plan because none of the plaintiffs were ever participants in the latter plan. A key to the Second Circuit's decision was the fact that the "…decision not to divest the Retirement Plan of SLM stock must be *viewed separately* from the decision not to divest the Savings Plan of SLM stock." Slip. Op. at 6 (emphasis added). Indeed, as the district court's opinion makes clear, the two plans were fundamentally different because the savings fund,

unlike the retirement fund, was *required* to invest in Sallie Mae stock. *In re SLM Corp. ERISA Litigation*, 08 Civ. 4334 (WHP), 2010 WL 3910566 at *2-3 (S.D.N.Y. Sept. 24, 2010).

In contrast here, Plaintiffs are all investors in JPM Stable Value Funds through their 401(k) funds, and each of the JPM Stable Value Funds held substantial portions of their assets in the same JPM Intermediate Bond Fund. Thus, like every other member of the proposed class, Plaintiffs were ultimately invested in JPM's Intermediate Bond Fund and the challenged investment decisions cannot be "viewed separately" from each other.

**CONCLUSION**

For all the reasons stated above and in Plaintiffs' Opposition to Defendants' Motion to Dismiss, the motion should be denied.

Respectfully submitted,

Dated: January 29, 2013          /s/ Michael M. Mulder


Kevin Madonna (Bar No. KM5595)
KENNEDY & MADONNA, LLP
48 Dewitt Mills Rd.
Hurley, NY 12443
Tel: 845-481-2622
Fax: 845-230-3111

Jason Kim
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
jkim@schneiderwallace.com
*Appearing pro hac vice*

Garrett W. Wotkyns, Esq.
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Tel: (480) 428-0144
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com
*Appearing pro hac vice*

Thomas R. Meites, Esq.
Michael M. Mulder, Esq.
MEITES MULDER
321 S. Plymouth Ct., Ste. 1250
Chicago, Ill. 60604
Tel: 312-263-0272
Fax: 312-263-2942
trmeites@meitesmulder.com
mmmulder@meitesmulder.com
*Appearing pro hac vice*

Joseph Peiffer, Esq.
FISHMAN HAYGOOD PHELPS
WALMSLEY WILLIS & SWANSON, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: (504) 586-5252
Fax: (504) 586-5250
jpeiffer@fishmanhaygood.com
*Appearing pro hac vice*

Peter Mougey, Esq.
James Kauffman, Esq.
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 So. Baylen Street, Suite 600
Pensacola, FL 32502
pmougey@levinlaw.com
jkauffman@levinlaw.com
*Appearing pro hac vice*

*Attorneys for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

      I, Michael M. Mulder, hereby certify that on this 29th day of January, 2013, I electronically filed PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT using the United States District Court for the Southern District of New York's CM/ECF system, which will provide service of such filings via email to all counsel of record in this action:

Melissa D. Hill
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178

Gregory C. Braden
Sean K. McMahan
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004

Azeez Hayne
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103

                                                /s/ Michael M. Mulder