IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD WHITLEY, CAROLETA M. DURAN, TERRY J. KOCH, MARK D. GRANDY, JOHN M. GATES, and SCOTT NEWELL, on behalf of themselves and those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>J.P. MORGAN CHASE & CO.; JPMORGAN CHASE BANK N.A.; J.P. MORGAN INVESTMENT MANAGEMENT INC., aka J.P. MORGAN ASSET MANAGEMENT; and JPMORGAN RETIREMENT PLAN SERVICES LLC,<br><br>*Defendants*. | Case No. 12-cv-2548<br>The Honorable John G. Koeltl |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDINING CONFIDENTIAL WITNESS ALLEGATIONS

Plaintiffs hereby respond to Defendants' Notice of Supplemental Authority Regarding Confidential Witness Allegations, filed on February 25, 2013 (DE 64) ("Notice"). The Notice raises issues regarding the confidential witness referenced in a few paragraphs of Plaintiffs' Amended Complaint that are completely irrelevant to Defendants' pending Motion to Dismiss. The Court should duly disregard it.

Plaintiffs have chosen not to name the confidential witness in their Initial Disclosures, although they have disclosed his identity to Defendants through other means. This is entirely appropriate because Plaintiffs *at this time* do not intend to call the confidential witness to testify at trial. *See Hubbard v. Bankatlantic Bankcorp, Inc.*, No. 07-61542-CIV, 2009 WL 3856458 at *3 (S.D. Fla. Nov. 17, 2009) ("Plaintiffs are correct that they are not required to provide in their

initial disclosures the names of persons with knowledge of the facts of the case, if Plaintiffs do not intend to use those persons to support their claims.")

The allegations in the Amended Complaint based on the confidential witness's knowedge are highly relevant on a motion to dismiss regardless of whether or not that witness eventually testifies.  This is because those allegations can ultimately be proven through documentary evidence, testimony from Defendants' officers and employees, and other sources.   It is the substance of the facts alleged and not the *source* of the facts that is relevant to a motion to dismiss.  See Novak v. Kasaks, 216 F.3d 300, 313-14 (2nd Cir. 2000) (complaint need not identify confidential witness to avoid a motion to dismiss because, among othe reasons, the applicable portion of the Private Securities Litigation Reform Act "requires plaintiffs to plead only facts and makes no mention of the sources of these facts"). [1]

Plaintiffs' provisional, tactical decision regarding which witnesses they may eventually call at the trial of this matter has nothing to do with whether they have adequately alleged claims for relief under ERISA.  Defendants have not cited a single case that holds that, because a witness may not testify at trial, all information attributed to that witness in a complaint should be disregarded for purposes of a motion to dismiss.  Defendants' argument that this is somehow the case does not stand up to even cursory logical scrutiny.  For example, Plaintiffs could right now obviate this issue by amending their initial disclosures to list the confidential witness but then ultimately choose not to call him at trial.  It makes no sense for a decision regarding the adequacy of a pleading to be affected in any way by current decisions about trial strategy that can be changed at any time during the next several months.

---

[1] Although *Novak* is generally instructive on the subject of confidential witnesses, as set forth below, the exacting scuriny applied to securities law complaints under the PSLRA is innappropriate here.

The sole case cited by Defendants in support of their position here, *Campo v. Sears Holdings Corp.*, 371 Fed. Appx. 212, 216 n. 4 (2nd Cir. 2010), is readily distinguishable for at least two reasons.  First, it arose incident to a motion to dismiss a complaint brought under the PSLRA, and the *Campo* complaint was therefore subject to a different and much more intense level of scrutiny than ERISA pleadings are.  Because *Campo* was a PSLRA case rather than one brought under ERISA or some other source of legal remedies, the court there had to weigh at the motion to dismiss stage competing inferences from the facts alleged in the complaint to determine whether those facts gave rise to an inference of scienter that is as compelling as an opposing inference of non-fraudulent intent.  *Id.*  Such an exercise is neither necessary or appropriate here.  Second, in that case, the confidential witnesses had under oath affirmatively disavowed, or testified that they lacked personal knowledge of, the statements attributed to them in the complaint.  *Id.*  That is not the case here.  Moreover, that Plaintiffs do not currently intend to use the confidential witness at trial in no way constitutes evidence that the allegations attributed to him are untrue or not based on personal knowledge.

Defendants' argument in the Notice, like many of the arguments raised in support of their Motion to Dismiss, is a red herring.  Even if there were any reason to discount the confidential witness allegations now before the Court (and there is not), as Defendants acknowledge, Notice at 1, the confidential witness is referenced in only a handful of paragraphs in the 133-paragraph Amended Complaint.   Thus, for the reasons stated above and in Plaintiffs' Opposition to Defendants' Motion to Dismiss, their motion should be denied.

Dated: March 1, 2013

                                              Respectfully submitted,

                                              /s/ Jason H. Kim

Kevin Madonna (Bar No. KM5595)
KENNEDY & MADONNA, LLP
48 Dewitt Mills Rd.
Hurley, NY 12443
Tel: 845-481-2622
Fax: 845-230-3111

Jason H. Kim
SCHNEIDER WALLACE COTTRELL
 KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
jkim@schneiderwallace.com
*Appearing pro hac vice*

Garrett W. Wotkyns, Esq.
SCHNEIDER WALLACE COTTRELL
 KONECKY LLP
8501 N. Scottsdale Road, Suite 270
Scottsdale, Arizona 85253
Tel: (480) 428-0144
Fax: (866) 505-8036
gwotkyns@schneiderwallace.com
*Appearing pro hac vice*

Thomas R. Meites, Esq.
Michael M. Mulder, Esq.
MEITES MULDER
321 S. Plymouth Ct., Ste. 1250
Chicago, Ill. 60604
Tel: 312-263-0272
Fax: 312-263-2942
trmeites@mmmglaw.com
mmmulder@mmmglaw.com
*Appearing pro hac vice*

Joseph Peiffer, Esq.
FISHMAN HAYGOOD PHELPS
 WALMSLEY WILLIS & SWANSON, LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: (504) 586-5252
Fax: (504) 586-5250
jpeiffer@fishmanhaygood.com
*Appearing pro hac vice*

Peter Mougey, Esq.
James Kauffman, Esq.
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 So. Baylen Street, Suite 600
Pensacola, FL 32502
pmougey@levinlaw.com
jkauffman@levinlaw.com
*Appearing pro hac vice*

*ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS*

**CERTIFICATE OF SERVICE**

I, Jason Kim, hereby certify that on this 1st day of March, 2013, I electronically filed this document using the United States District Court for the Southern District of New York's CM/ECF system, which is service of such filing via email to all counsel of record in this action.

                                                                   /s/ Jason H. Kim
                                                                   Jason H. Kim