AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Massachusetts ▼

| | |
|---|---|
| Richard Whitley, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 12-cv-2548 |
| J.P. Morgan Chase & Co., et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of New York ▼ ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: State Street Bank and Trust Co., 1 Lincoln Street, SSFC 5, Boston, MA 02111

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: described in the attached Exhibit "A."

| Place: G & M Court Reporting<br>42 Chauncy Street<br>Boston, MA 02111 | Date and Time:<br><br>03/22/2013 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___02/15/2013___

|  | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Richard Whitley, et al.
_____ , who issues or requests this subpoena, are:
Jason H. Kim jkim@schneiderwallace.com, (415) 421-7100
Schneider Wallace Cottrell Konecky LLP, 180 Montgomery Street, Suite 2000, San Francisco, CA 94104

EXHIBIT D

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-cv-2548

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   State Street Bank and Trust Co.
was received by me on *(date)*                          .

❑  I served the subpoena by delivering a copy to the named person as follows:                          

_____                    on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because:                          

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## EXHIBIT A

## DEFINITIONS

1.      The term "JPM" means Defendants J.P. Morgan Chase & Co., J.P. Morgan

Chase Bank N.A., J.P. Morgan Investment Management Inc., aka J.P. Morgan Asset

Management, and J.P. Morgan Retirement Plan Services LLC, and any of their present

or former corporate parents, subsidiaries, divisions, subdivisions, affiliates, predecessors,

successors, joint ventures, board of directors or committees thereof, present and former

officers, directors, employees, representatives, agents (including attorneys), and all other

persons acting, purporting to act, or authorized to act on behalf of any of them,

including, without limitation, all consultants, advisors and investigators.

2.      The term "documents" is used in the broadest possible sense and has the

meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, and includes both

tangible materials as well as electronic materials such as emails.  If a document exists in

multiple copies, versions or drafts, you are requested to produce all such copies, versions

or drafts.

3.      The terms "and" and "or" shall be interpreted to mean "and/or" and shall

not be interpreted to exclude any information otherwise within the scope of any of the

following document requests.

4.      The terms "concerning" and "relating to" are used in the broadest possible

sense, and shall mean, without limitation, concerning, relating to, referring to, describing,

evidencing, constituting, containing, commenting upon, pertaining to, mentioning,

quoting, showing, discussing, reflecting, or referencing in any way, directly or indirectly, the matter discussed.

5.    The use of the singular form of any word includes the plural and *vice versa*. The past tense includes the present tense and *vice versa*.

6.    The term "Stable Value Fund" means any fund offered by JPM as an investment or savings option for retirement plans governed by ERISA that: (1) invests substantially in JPM's Intermediate Bond Fund; and (2) is subject to a "wrap agreement" or other similar agreement by which a third party insures or guarantees the book value of the fund.

## INSTRUCTIONS

1.    In producing documents and other materials, you are requested to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

2.    In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

3.    Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in this request.

4.     All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.     Documents shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

6.     Documents attached to each other should not be separated.

7.     If any responsive document was, but is no longer, in your possession or subject to your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of such disposition.

8.     Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, please describe each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose and present custodian, and set forth in a privilege log the nature of the claimed privilege or other grounds for refusal to produce.

9.     Notwithstanding the assertion of any objection to production, any document as to which an objection is raised containing non-objectionable matter which is relevant and material to a request, must be produced, but that portion of the document for which

the objection is asserted may be withheld or redacted provided that the above-requested

identification in the preceding paragraph is furnished.

## DOCUMENT REQUESTS

1.      All contracts and agreements between you and JPM relating to JPM's Stable Value Funds, including subsequently executed addenda and modifications to such contracts and agreements.

2.      All documents relating to the bidding specifications, including any changes to bidding specifications, with respect the contracts and agreements requested above.

3.      All documents relating to the calculation of the "crediting rate" for JPM's Stable Value Funds, including but not limited to documents concerning: (a) formulas for such calculations, changes to such formulas, and deviations from such formulas; and (b) the inputs into such calculations.

4.      All documents (both internal and external) relating to communications with JPM about your concerns with, criticisms of, or disagreements with any policies, procedures, investment guidelines, or strategies relating to JPM's Stable Value Funds and/or the commingled funds in which JPM caused its Stable Value Funds to invest.

5.      All documents (both internal and external) relating to communications with JPM about your concerns with, criticism of, or disagreements with: (a) the quality of the investments by JPM's Stable Value Funds and/or the commingled funds in which JPM caused its Stable Value Funds to invest; (b) the rating of such investments or the process of ascertaining or assigning such ratings; (c) JPM's due diligence, investigation, suitability analysis, or lack thereof in connection with such investments; and/or (4) diversification or lack thereof of such investments.

6.      All documents (both internal and external) relating to communications with JPM about any investments in residential mortgage-backed securities and/or private placement mortgages by JPM's Stable Value Funds and/or the commingled funds in which JPM caused its Stable Value Funds to invest.

7.      All documents (both internal and external) relating to communications with JPM about any impaired security or threatened impaired security with respect to the investments made by JPM's Stable Value Funds and/or the commingled funds in which JPM caused its Stable Value Funds to invest.

8.      All documents (both internal and external) relating to communications with JPM about any requests or demands that additional cash be held in JPM's Stable Value Funds and/or that additional capital be added to JPM's Stable Value Funds.

9.      All documents (both internal and external) relating to communications with JPM about liquidity restrictions or proposed liquidity restrictions for JPM's Stable Value Funds.

10.     All documents (both internal and external) relating to communications, understandings, agreements, or requested agreements with JPM not to make public any issues, comments, or concerns you had with investments in JPM'S Stable Value Funds.

11.     All internal reports, analysis, and communications regarding risks with respect to JPM's Stable Value Funds.