# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re J.P. Morgan Stable Value Fund ERISA Litigation* | Master File No. 12-cv-2548-VSB |

**ORDER**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/13/2019__
```

VERNON S. BRODERICK, United States District Judge:

      1.      On November 3, 2017, Class Counsel filed a Motion for Preliminary Approval of Class Settlement on behalf of certain named plaintiffs ("Settling Plaintiffs") and the Class. (Doc. 399.)

      2.      On December 7, 2017, other named plaintiffs ("Objecting Plaintiffs") filed a Memorandum in Opposition to the Motion for Preliminary Approval.  (Doc. 412.)

      3.      On December 19, 2017, Defendants filed a Response in Support of the Motion for Preliminary Approval, (Doc. 414), and Class Counsel filed a Reply Memorandum in Support of the Motion for Preliminary Approval, (Doc. 416).

      4.      On January 12, 2018, I held a Motion Hearing at which counsel for the Class, Defendants, and Objecting Plaintiffs appeared and presented arguments regarding Preliminary Approval of the Settlement.

      5.      On January 19, 2018, I issued an Order granting the Motion for Preliminary Approval of Class Settlement except with regard to the form and manner of the Notice of Settlement.  (Doc. 425.)  That Order directed the parties to either submit a joint proposed Notice of Settlement to be sent to class members or, if they could not agree on a form of Notice, to submit a joint letter stating their respective positions and proposed language regarding the form of Notice.

6.      On January 30, 2018, Class Counsel submitted a letter agreed to by the Settling Parties that proposed a First Amendment to the Class Action Settlement Agreement to facilitate escrow arrangements for the Qualified Settlement Funding, shifting certain tax reporting duties from the "Escrow Agent" to the "Settlement Administrator."  (Doc. 426.)  The Objecting Plaintiffs did not object to the proposed First Amendment.

7.      On February 13, 2018, the parties submitted (1) a joint proposed publication notice that was agreeable to all parties, (Doc. 431-3), and (2) a joint letter motion stating their respective positions regarding the form of mailed notice to be sent to potential Class Members, (Doc. 431).

8.      On August 8, 2018, Class Counsel submitted a letter motion requesting that the Court approve a proposed Second Amendment to the Class Action Settlement Agreement, which would provide for a supplemental notice and claims process for potential Class Members whose necessary contact and investment information no longer exists or is otherwise unavailable for collection.  (Doc. 441.)  Objecting Plaintiffs do not oppose this proposed Second Amendment or the updated publication notice, provided that the supplemental mailed notice otherwise comports with my ruling on the disputed issues presented in the parties' February 13, 2018 letter motion, (Doc. 431).

9.      On December 7, 2018, the parties submitted a second joint letter motion further clarifying and narrowing the disputed issues regarding the form of mailed notice and attaching a revised draft of same that reflects the parties' updated positions and proposed alternative language/approaches.  (Doc. 442.)

10.     The following issue presented in the February 13, 2018 joint letter remains

pending:

Must the mailed notice and the settlement website disclose that Objecting Plaintiffs

oppose the Settlement, provide contact information for Objecting Plaintiffs' counsel, and require

Class Members who file a Notice of Intention to Appear at the Fairness Hearing to directly mail

a copy of same to Objecting Plaintiffs' counsel?

Wherefore, having considered all the above-referenced documents and the related

arguments presented by counsel before this Court previously, IT IS HEREBY ORDERED

that:

(1)     The proposed First Amendment to the Class Action Settlement Agreement, (Doc.

426-1), is approved as proposed by and agreed to by the Settling Parties;

(2)     The proposed Second Amendment to the Class Action Settlement Agreement,

(Doc. 441-1), is approved, subject to my ruling below regarding the form of the

mailed Notice to potential class members;

(3)     The form of the joint proposed publication notice agreed to by all parties, (Doc.

441-3), is approved; and

(4)     The form of the mailed Notice to all potential Class Members for whom contact

information is available is approved as proposed by Class Counsel.  The Notice to

current participants, notice to former participants, and notice for participants

requiring proof of eligibility, as proposed by Class Counsel and reflected in Exhibit

A to this Order, may be issued pursuant to the terms of the proposed Settlement

Agreement without the redline modifications.  In other words, the mailed Notice and

the settlement website need not disclose that Objecting Plaintiffs oppose the

Settlement Agreement, provide contact information for Objecting Plaintiffs' counsel,

or require Class Members who file a Notice of Intention to Appear at the Fairness

Hearing to directly mail a copy of same to Objecting Plaintiffs' counsel.

IT IS FURTHER ORDERED THAT the parties shall adhere to the schedule set forth in

Exhibit B setting forth the deadlines for Notice to be provided to the Class and other dates

leading to a final Fairness Hearing, which will be held on September 6, 2019 at 11:00 a.m. in

Courtroom 518 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square.


SO ORDERED

Dated: March 13, 2019
New York, New York

Vernon S. Broderick
United States District Judge

Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

# Notice of Class Action Settlement and Fairness Hearing

**You have been identified as a participant or beneficiary in your employer's 401(k) retirement savings plan through which you were invested at relevant times in certain JPMorgan stable value funds. You could get a payment from this Class Action Settlement.**

*The Court has authorized this notice. This is not a solicitation from a lawyer. Neither you nor your retirement plan is being sued.*

**I.        PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY**

The purpose of this Notice is to inform you the Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action brought by certain individuals whose 401(k) plan accounts included investments in the JPMorgan stable value funds. The action is entitled *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, case no. 12-CV-2548 (the "Action"), currently pending before the Honorable Vernon S. Broderick of the United States District Court for the Southern District of New York (the "Court"). The Court has given its preliminary approval to the Settlement.  You should read this notice carefully, because your legal rights are affected whether you act or do not act.

The Plaintiffs brought the Action alleging violations of the Employment Retirement Income Security Act ("ERISA") concerning the way Defendants JPMorgan Chase & Co. and other JPMorgan entities ("Defendants" or "JPMorgan") managed the Class Members' 401(k) plan investments that were allocated to certain JPMorgan stable value funds.

JPMorgan denies all claims, and nothing in the Settlement is an admission or concession on JPMorgan's part of any fault or liability whatsoever.

**Exhibit 2**

In its March 31, 2017, Memorandum Opinion and Order, the Court certified a class and three subclasses of individuals who were participants or beneficiaries in their employers' 401(k) plans and had some of their investments allocated to a stable value fund managed by JPMorgan during the class periods. (The definition of the class and the class periods is set forth below in Section II, "Definition of the Class.") The names of the 401(k) plans through which Class Members allocated retirement assets to JPMorgan stable value funds are listed in Attachment 1 to this Notice.[1]

A.      **The Settlement**

As part of the Settlement, a fund of $75,000,000 (the "Settlement Amount") has been established to resolve the Action. From that $75,000,000 will first be paid any administrative expenses, taxes, tax expenses, Court-approved attorneys' fees and costs, Class Representative service awards, and other approved expenses of the litigation. Then, the remaining Settlement Amount (called the "Net Settlement Amount") will be allocated to Class Members according to the Plan of Allocation to be approved by the Court. Shortly after the Court preliminarily approved the Settlement, JPMorgan deposited the $75,000,000 Settlement Amount in an interest-bearing Qualified Settlement Fund. Upon final approval of the Settlement by the Court, the interest accrued on the Settlement Fund will be added to the Settlement Amount in order to benefit the Class.

The Settlement provides, among other things, for the allocation of monies directly into the individual accounts of Class Members who had an account with a positive balance (an "Active Account") in one of the 401(k) plans that are listed in Attachment 1 as of the most current participant data received by Class Counsel ("Current Participants").

---

[1] Attachment 1 lists the plans which, according to information available at the time of the Settlement, offered a JPMorgan stable value fund during the class period. The plans identified on Attachment 1 may change based on the subsequent investigation of the parties.

2

Class members who are entitled to a distribution but who no longer have an "Active Account" in one of the Plans listed in Attachment 1 ("Former Participants") will receive their allocation by check mailed to their last known address or by rollover if available and elected.

**Our records indicate that you are a Current Participant. You do not have to do anything to participate in the Settlement or to receive a payment from the Settlement if it is determined that you are entitled to one under the Plan of Allocation.**

### B.    Statement of Attorneys' Fees and Costs in the Class Action

Co-Lead Class Counsel, and the firms assisting them, have devoted many hours to bringing this case and pursuing it for the past five-and-a-half years. During that time, they also have advanced costs for expert consulting services, substantial investigation, intensive document analysis, and other costs necessary to pursue the case. Co-Lead Class Counsel's motion for class certification was granted by the Court on March 31, 2017. Co-Lead Class Counsel successfully defended JPMorgan's petition for an immediate appeal of the Class Certification Order, which the Second Circuit denied. Co-Lead Class Counsel engaged in substantial investigation and analysis of the law and facts concerning the Action in opposing JPMorgan's motion for summary judgment. This work resulted in the monetary benefits provided in the Settlement. Co-Lead Class Counsel took the risk of litigation and have not been paid for any of their time or reimbursed for any of the costs that they have incurred during the more than five years that the Action has been pending before the Court. Co-Lead Class Counsel also have agreed to undertake the additional risk of paying some of the administrative costs of the settlement process if the Settlement is not approved.

Co-Lead Class Counsel will apply to the Court for payment of attorneys' fees and costs for their work in the case.  Co-Lead Class Counsel will request fees not to exceed one-third of the $75,000,000 Settlement Amount and will request reimbursement of litigation costs not to exceed

$1,750,000. Any attorneys' fees and costs awarded by the Court to Co-Lead Class Counsel will be paid from the Qualified Settlement Fund. Co-Lead Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the Net Settlement Amount.

As is customary in class action cases in which the Class Representatives have spent time and effort on the litigation, Co-Lead Class Counsel also will ask the Court to approve Service Award payments, not to exceed $20,000, for each of the 12 Class Representatives who took on the risk of litigation, provided discovery, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual development of the Action.

## II.     DEFINITION OF THE CLASS

You are deemed to be part of the Class and a participant in this Action if you fit into one or more of the class or subclass definitions below, unless you expressly exclude yourself from the Class in writing. (See answer to Question No. 8 below.)

By order dated March 31, 2017, the Court certified this case to proceed on behalf of a class defined as follows:

> All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in any JPM Stable Value Fund that invested in the JPM Intermediate Bond Fund and/or the Intermediate Public Bond Fund between January 1, 2009 and December 31, 2010 and whose stable value fund investment performance underperformed the Hueler index or similar objective benchmark. Excluded from the Class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

In addition, the Court certified three subclasses. The first certified subclass—the "SAIF Subclass"—is defined as follows:

4

All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in the JPM Stable Asset Income Fund ("SAIF") from between January 1, 2009 and December 31, 2010 and whose stable value fund investment underperformed the Hueler Index or similar objective benchmark. Excluded from the Class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The second certified subclass—the "ACSAF/JP Morgan Stable Value Fund Subclass"—

has a class period that begins on September 17, 2007. The ACSAF/JP Morgan Stable Value Fund

Subclass is defined as follows:

All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in the American Century Stable Asset Fund [("ACSAF")] immediately before JPMAM took over the Fund and received its assets in the ACSAF/JPM Stable Value Fund on or about September 17, 2007 and continuing to December 31, 2010, and whose stable value fund investment underperformed the Hueler Index or similar objective benchmark. Excluded from the class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The third certified subclass—the "Caterpillar Subclass"—is defined as follows:

All participants of the Caterpillar Plan, as well as beneficiaries of those plans, who were invested directly or indirectly in JPM's Caterpillar Stable Principal Fund or any other JPM Stable Value Fund that invested in the Intermediate Bond Fund and / or the Intermediate Public Bond Fund between January 1, 2009 and December 31, 2010 and whose stable value fund investment performance underperformed the Hueler index or similar objective benchmark. Excluded from the class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the

Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The "objective benchmark" referenced in each of these definitions will be the Lehman Brothers Intermediate Aggregate Index (later renamed the Barclays Intermediate Aggregate Index) (hereafter the "Lehman/Barclays Intermediate Aggregate Index" or the "Benchmark").

## 1. Why Did I Receive This Settlement Notice?

You received this Notice because records from the record keeper for your 401(k) plan show that you were a participant or beneficiary in a 401(k) plan and that your 401(k) plan account included investments in a JPMorgan stable value fund, and you otherwise may be part of the Class or one of the Subclasses, as explained above.

## 2. What Is The Class Action About?

In this Class Action, Plaintiffs principally allege that Defendants violated ERISA in two fundamental ways. First, Plaintiffs allege that JPMorgan managed Plaintiffs' investments imprudently in violation of JPMorgan's fiduciary duties, by causing its stable value funds to invest heavily in two other JPMorgan funds, the Intermediate Bond Fund ("IBF") and the Intermediate Public Bond Fund ("IPBF"), which, in turn, invested in risky, highly leveraged assets, including, among other things, mortgage-related assets. Second, Plaintiffs allege that certain Defendants, as fiduciaries for the relevant plans and their participants and beneficiaries, breached their obligations under ERISA to comply with the duties of prudence and diversification and to discharge their duties solely in the interests of plan participants and beneficiaries, and for the exclusive purpose of providing benefits to the plan participants and beneficiaries. Plaintiffs also claim that certain Defendants engaged in transactions prohibited by ERISA, and the ACSAF/JPM Stable Value Fund Subclass Plaintiffs make additional claims against all Defendants for engaging in transactions prohibited by ERISA.

While none of the Plaintiffs or Class Members lost any of the money they invested in JPMorgan stable value funds, the Plaintiffs alleged that they were damaged because the investment return paid to Class Members would have been greater if the funds had been prudently managed.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives. Defendants deny that they are liable at all to the Class, and that the Class has suffered any harm or damage for which Defendants could or should be held responsible. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever.

## 3. Why Is There A Settlement?

The Court has not reached a final decision on the merits of the Class Representatives' claims. Instead, a majority of the Class Representatives (the "Settling Class Representatives") and

Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Co-Lead Class Counsel and Defendants' counsel and an in-person mediation session with a private mediator, followed by months of further negotiation. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement.

[Objectors' Proposal - Four of the twelve Class Representatives do not approve of the settlement. Those four Class Representatives are represented by Philip Greenfield and Kirk May, German May PC, 1201 Walnut Street, 20th Floor, Kansas City, MO, 816-471-7700, www.germanmay.com.]

## 4. What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants, as defined on pages 2-3 above. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing plan accounts in accord with their current investment elections.  Allocations to Former Participants who are entitled to a distribution under the Plan of Allocation will made by check mailed to their last known address or, if available and they so elect, as a rollover to a qualified retirement account.

In return for payment to the Class of the $75,000,000 Settlement Amount, all Class Members will fully release the Defendants and the Released Parties from the Released Claims. The Released Parties include Defendants, any related entities, as well as any past attorneys and agents. The Released Claims include (but are not limited to) the following:

- All claims that were or could have been asserted in the Action, or that did or could arise out of the conduct alleged in the complaints filed in the Action.

- All claims that relate to any JPMorgan stable value fund investments, the holdings of any stable value fund investments, or disclosures regarding any stable value investments.

- All claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation.

This is only a summary of the Released Parties and Released Claims and is not a binding description of either. The governing releases are found within the Settlement Agreement at www.jpmsvfclassaction.com. Generally, the release means that Class Members will not have the right to sue the Defendants or related parties for conduct during the Class Period arising out of or relating to the allegations in the Action.

The entire Settlement Agreement is available at www.jpmsvfclassaction.com.

## 5. How Much Will My Distribution Be?

Because you are a Current Participant, the amount, if any, that will be allocated to you will be based upon records maintained by your employer's 401(k) plan's record keeper. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be: (1) a member of the Class or one of the Subclasses, as defined in Section II above; or (2) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2). Former Participants are required to submit a complete and satisfactory Claim Form by the deadline. **Because you are a Current Participant, you do not need to do anything to receive your share of the Settlement.**

Under the proposed Plan of Allocation, the Net Settlement Amount will be divided among all Class Members based upon the underperformance, if any, of each Class Member's JPMorgan stable value investment compared to the Lehman/Barclays Intermediate Aggregate Index. At the Fairness Hearing, the Court will be asked to approve this calculation process as part of the Plan of Allocation.

To make this allocation, the Settlement Administrator will first calculate the Individual Underperformance Amounts by comparing the underperformance, if any, of the JPM Stable Value Funds by comparing the crediting rate of the Plans the participants invested in, with a crediting rate derived from the Benchmark. If the calculation shows that a Plan did not experience any underperformance compared to the Benchmark then the participants in those Plans are not by definition Class Members because they did not suffer from any underperformance damages. For those Plans that experienced underperformance the second step will be for the Settlement Administrator to calculate the Individual Underperformance Amounts as the total dollar value amount by which each participant's individual investment in JPM Stable Value Funds underperformed the Benchmark during the relevant time periods. The specific method for calculating these amounts is detailed in the Settlement Agreement's Plan of Allocation. The sum of all Individual Underperformance Amounts is defined to be the "Total Underperformance Amount."

Once the Underperformance Amounts have been calculated, each Class Member's payment will be calculated by multiplying the Net Settlement Amount by the ratio of that Class Member's Individual Underperformance Amount to the Total Underperformance Amount. This will allow each individual Class Member to receive an allocation from the Net Settlement Amount proportional to the underperformance of his or her stable value investment compared with the underperformance of other Class Members' investments (all other things being equal). Plan of Allocation examples are available on the website, www.jpmsvfclassaction.com.

Class Counsel and the Settlement Administrator must review information from your 401(k) plan account to determine whether your investments in JPMorgan stable value funds underperformed as compared to the Benchmark. Any information Class Counsel obtains will be treated confidentially under the Protective Order entered by the Court in this Action and will be used

8

solely for purposes of determining if you are a Class Member entitled to payment under the terms of the Settlement.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to your Plan's record keeper, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.**

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several events, including the Court's final approval of the Settlement and that approval being no longer subject to any appeal in any court. If there is an appeal of the final approval, it may take several years to resolve and the distribution of the Net Settlement Amount will be delayed until that process is complete. If the Settlement is approved by the Court, and there are no appeals, distribution of the Net Settlement Amount likely will occur in 2019.

**Separately, there are provisions in the Settlement Agreement that allow the parties to terminate the Settlement under specific conditions. There will be no payments under the Settlement if the Settlement Agreement is terminated.**

**There will be no payment to you if the Settlement Administrator determines that your individual JPMorgan stable value investment did not suffer any Underperformance Amount when measured against the Benchmark.**

**If the amount you are allocated is less than the amount of the reasonable direct costs of processing and delivering your payment, then no distribution will be made to you. For example, if your allocation is less than $5 and the reasonable direct costs of processing the payment and delivery are greater than $5, you would not be eligible to receive any payment under the Settlement.**

## 8. Can I Get Out Of The Settlement?

Yes, you have the right to exclude yourself from the Class and give up the right to your share of the Settlement Amount. <u>Note: if you exclude yourself from the Class, you may not have a right to bring your own lawsuit due to ERISA's six-year statute of repose. Class Counsel is of the opinion that ERISA's six-year statute of repose bars you from bringing your own lawsuit. You may consult your own lawyer to get advice on this issue at your own expense.</u>

If you ask to be excluded, you won't have a right to receive a payment from the Settlement. You will also not be bound by any judgment of the Court or the terms of the Settlement Agreement, including the release of your potential claims. However, under the United States Supreme Court's ruling in *California Public Employees' Retirement System v. ANZ Securities Inc.*, No. 16-373, 582

9

U.S.__ (2017), your rights to prosecute any individual claims against the Defendants arising out of these transactions may have already expired due to ERISA's six-year statute of repose.

To ask to be excluded from this proceeding, you must send an "Exclusion Request" by letter, expressly stating that you want to be excluded from the Class in *In re: J.P. Morgan Stable Value Fund ERISA Litigation.* Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request, postmarked by Month 00, 0000, to the Settlement Administrator at the following address:

JPM Stable Value Fund Litigation
c/o JND Class Action Administration
P.O. Box 91304
Seattle, WA 98111

## 9. Do I Have A Lawyer In The Case?

The Court has appointed The Law Offices of Michael M. Mulder and Schneider Wallace Cottrell Konecky Wotkyns LLP to represent the Class as Co-Lead Class Counsel. Co-Lead Class Counsel are working jointly with and being assisted by the law firms of Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A; and Peiffer Rosca Wolf Abdullah Carr & Kane, APLC. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Co-Lead Class Counsel will file a petition for the award of attorneys' fees and costs. This petition will be considered at the Fairness Hearing. Co-Lead Class Counsel has agreed to limit their application for an award of attorneys' fees and costs to not more than $25,000,000 in fees and $1,750,000 in costs. The Court will determine what fees and costs will be approved.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-cv-02548. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be mailed to each of the following addressees and received by the Court no later than XXXXXXX, 2019.

| THE COURT | CLASS COUNSEL | [Objectors' Proposal – COUNSEL FOR FOUR CLASS REPRESENTATIVES |
|---|---|---|
| Clerk of the Court United States District Court Southern District of New York, Daniel Patrick Moynihan United States Court House 500 Pearl Street, New York, New York 10007 | Schneider Wallace Cottrell Konecky Wotkyns LLP Attn: JPM Stable Value Fund ERISA Litigation 2000 Powell Street, Suite 1400 Emeryville, California 94608 counsel@jpmsvfclassaction.com Tel: 1-844-877-5925 | German May PC 1201 Walnut Street 20th Floor Kansas City, MO 64106 Attn: JPM Stable Value Fund ERISA Litigation] |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at the U.S. District Court, 500 Pearl Street, New York, NY 10007.  The Court has not yet scheduled the specific day and time of that hearing, but under the terms of the Settlement Agreement, it will occur after _____, 20__.  When the Fairness Hearing is scheduled by the Court, information regarding the hearing will be posted on the website for the Settlement at www.jpmsvfclassaction.com.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections by Class Members, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's attorneys' fees and costs and any service awards to Class Representatives.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you have timely objected, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

## 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness

Hearing in *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-cv-02548." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to Class Counsel [Objectors' Proposal -and Counsel For Four Class Representatives] and filed with the Clerk of the Court no later than **XXXXX, 2019.** (Your notice must be mailed to each of the addressees listed in the answer to Question No. 11).

Please note that only Class Members may speak at the Fairness Hearing. If you have chosen to exclude yourself from the Settlement, you are no longer a member of the Settlement Class and may not speak at the Fairness Hearing.

## 15. What Happens If I Do Nothing At All?

If you are a Class Member and you do nothing, you will be bound by the Settlement as described above in this Settlement Notice if the Settlement is finally approved. (See the answer to Question No. 6.)

## 16. How Do I Get More Information?

This Settlement Notice does not fully describe all of the claims, defenses, or contentions of the parties. If you have questions about this Notice or the Action, please do not contact the Court. If you have questions regarding the Settlement, you can call Class Counsel at 1-844-877-5925, email Class Counsel at counsel@jpmsvfclassaction.com, [Objectors' Proposal - call Counsel For Four Class Representatives at 816-471-7700, email Counsel For Four Class Representatives at philg@germanmay.com or kirkm@germanmay.com,] call the Settlement Administrator at 1-844-877-5911, write to the Settlement Administrator at JPM Stable Value Fund Litigation c/o JND Class Action Administration, P.O. Box 91304, Seattle, WA 98111, or go to the following website: www.jpmsvfclassaction.com where you will find the Court's order certifying the Class, the Plaintiffs' Consolidated and Amended Complaint, the Defendants' Answer to the Consolidated and Amended Complaint, the Settlement Agreement, and information regarding the day, time, and location of the Fairness Hearing once it has been scheduled by the Court. Other filings with the Court and information regarding the Settlement are also available online [Objectors' Proposal - or from the counsel noted above.].

Dated: _____, 2018

           _____
           BY THE ORDER OF THE UNITED STATES
           DISTRICT COURT FOR THE SOUTHERN
           DISTRICT OF NEW YORK

**ATTACHMENT 1**

| | PLAN SPONSOR |
|---|---|
| 1 | 1888 MILLS, LLC |
| 2 | A.A. ANDERSON CO., INC. |
| 3 | ABILENE CHAMBER OF COMMERCE |
| 4 | ABITIBI CONSOLIDATED SALES CORPORATION |
| 5 | ACCE BENEFIT TRUST |
| 6 | ACCE BENEFITS TRUST |
| 7 | ACCE BENEFITS TRUST 401(K) PLAN |
| 8 | ADVANCED MEDICAL OPTICS, INC. |
| 9 | AGGREKO, LLC |
| 10 | AJAX PAVING INDUSTRIES OF FLORIDA, INC. |
| 11 | AJAX PAVING INDUSTRIES, INC. |
| 12 | ALASKA TANKER COMPANY ATC |
| 13 | ALCON LABS |
| 14 | ALLERGAN INC |
| 15 | ALM MEDIA INC. |
| 16 | ANCHOR ACQUISITION, LLC |
| 17 | AMARILLO CHAMBER OF COMMERCE |
| 18 | AMERICAN CHAMBER OF COMMERCE EXECUTIVES |
| 19 | AMERICAN CIVIL CONSTRUCTORS, INC. |
| 20 | AMERICAN LIGHTING ASSOCIATION |
| 21 | AMERICAN ROYAL ASSOCIATION |
| 22 | AMERICAN TECHNOLOGIES, INC. |
| 23 | ALLIANT ENERGY CORPORATE SERVICES, INC. |
| 24 | AMERICAN ELECTRIC POWER SERVICE CORP. (AEP) |
| 25 | ANDERSEN CORP. |
| 26 | ANDREW CORP. |
| 27 | ANGELO'S AGGREGATE MATERIALS, LTD. |
| 28 | ANNA TRUCKING L.L.C. |
| 29 | APAC PAPER & PACKAGING CORP. |
| 30 | ARBOR MANAGEMENT, INC. |
| 31 | ARCH CHEMICAL INC. |
| 32 | AREA ENERGY & ELECTRIC, INC. |
| 33 | ARGO GROUP US |
| 34 | ARIZONA CHEMICAL COMPANY |
| 35 | ARLINGTON METALS CORPORATION |
| 36 | ASPHALT PAVING, INC. |
| 37 | ASSOCIATED WHOLESALE GROCERS, INC. |
| 38 | ASTEC INDUSTRIES, INC. |

| | PLAN SPONSOR |
|---|---|
| 39 | ASTELLAS US LLC |
| 40 | ATLANTIC SOUTHEAST AIRLINES, INC |
| 41 | AUDIO AUTHORITY CORPORATION |
| 42 | AUGUSTA NEWSPRINT COMPANY |
| 43 | AVON PRODUCTS, INC. |
| 44 | B.F. GOODRICH / GOODRICH / UNITED TECHNOLOGIES CORPORATION (UTC) |
| 45 | BADGERLAND SUPPLY. INC. |
| 46 | BAESMAN PRINTING CORPORATION |
| 47 | BANK OF COMMERCE & TRUST COMPANY |
| 48 | BATON ROUGE AREA CHAMBER PROFIT SHARING PLAN |
| 49 | BECHTEL JACOBS COMPANY LLC |
| 50 | BECK TOYOTA CORP. |
| 51 | BEECHMONT PRESS, LLC |
| 52 | BELK  INC. |
| 53 | BELL CORP. |
| 54 | BEMIS COMPANY, INC. |
| 55 | BENESYS, INC. |
| 56 | BERNARD, CASSISA, ELLIOTT AND DAVIS APLC |
| 57 | BEST BUY |
| 58 | BIGSTON CORPORATION |
| 59 | BIOMEDICAL RESEARCH FOUNDATION |
| 60 | BISON GEAR ENG. CORP |
| 61 | BOC EDWARDS, INC. |
| 62 | BOISE CONVENTION & VISITORS BUREAU PROFIT |
| 63 | BOISE METRO CHAMBER OF COMMERCE |
| 64 | BOSE CORP. |
| 65 | BRIGGS AND MORGAN P.A. |
| 66 | BRIGGS & STRATTON CORPORATION |
| 67 | BROCK MCVEY COMPANY |
| 68 | BROOK FURNITURE RENTAL INC. |
| 69 | BROOKSHIRE HOLDINGS, INC. |
| 70 | BROWN AND CALDWELL |
| 71 | BUCKEYE PIPE LINE SERVICES COMPANY |
| 72 | BUNN-O-MATIC CORPORATION |
| 73 | C.J. ENTERPRISES |
| 74 | CANBERRA OAK RIDGE, LLC |
| 75 | CARATRON INDUSTRIES, INC. |
| 76 | CARGILL INC. |
| 77 | CARL ZEISS VISION INC. |
| 78 | CARR INDUSTRIES, INC. |
| 79 | CARTER MACHINERY CO. |

| | **PLAN SPONSOR** |
|---|---|
| 80 | CATERPILLAR INC. |
| 81 | CDM FEDERAL SERVICES, INC. |
| 82 | CELANESE (HOECHST CELANESE) |
| 83 | CENTRALIZED LABORATORY SERVICES INC |
| 84 | CERNER CORP. |
| 85 | CHATTANOOGA AREA CHAMBER OF COMMERCE |
| 86 | CHRISTIAN REFORMED CHURCH IN NORTH AMERICA |
| 87 | CINCINNATI TOOL STEEL COMPANY |
| 88 | CJ HUGHES CONSTRUCTION COMPANY |
| 89 | CLARIAN HEALTH / INDIANA UNIV. HEALTH INC. |
| 90 | CLASEN QUALITY COATINGS, INC. |
| 91 | CLEAR LAKE AREA CHAMBER OF COMMERCE |
| 92 | COLE HARDWOOD INC. |
| 93 | COLLINS & AIKMAN PRODUCTS CO. |
| 94 | COLONIAL PIPELINE CO. |
| 95 | COMMODORE ADVANCE SCIENCES, INC. |
| 96 | COMSYS IT PARTNERS INC. |
| 97 | CONNING & COMPANY |
| 98 | COOK COMPOSITES & POLYMERS COMPANY |
| 99 | COOPERATIVE REGIONS OF ORGANIC PRODUCER POOLS COOPERATIVE, INC. |
| 100 | CROWN EQUIPMENT CORP. |
| 101 | CSK AUTO, INC. |
| 102 | CUMMINS INC. |
| 103 | CUSHMAN & WAKEFIELD, INC. |
| 104 | DACO INCORPORATED |
| 105 | DAKOTA CLINIC / INNOVIS HEALTH |
| 106 | DALLAS REGIONAL CHAMBER |
| 107 | DASCO PRO INC. |
| 108 | DETROIT LEGAL NEWS COMPANY |
| 109 | DICK BARKER INC. |
| 110 | DIRECT GENERAL CORPORATION |
| 111 | DON R. FRUCHEY, INC. |
| 112 | DONOHOE COMPANIES INC. |
| 113 | DOTT INDUSTRIES, INC. |
| 114 | DOWCO INC. |
| 115 | DURATEK FEDERAL SERVICES, INC. |
| 116 | E.D. BULLARD COMPANY |
| 117 | EAGLE-PICHER CORPORATION |
| 118 | EDEN STONE CO. INC. |
| 119 | EDISON ELECTRIC INSTITUTE INC. |
| 120 | EET CORPORATION |

| | **PLAN SPONSOR** |
|-----|-----|
| 121 | ELI LILLY |
| 122 | ELKAY MANUFACTURING COMPANY |
| 123 | ELMER'S PRODUCTS INC. |
| 124 | EMPIRE LEVEL MANUFACTURING CORP. |
| 125 | ENERCON ENGINEERING, INC. |
| 126 | ENERGY EAST CORP. |
| 127 | ENERGY NORTHWEST |
| 128 | EP LOYA GROUP, L.P. |
| 129 | ERICSSON INC. |
| 130 | ETHAN ALLEN GLOBAL INC. |
| 131 | E-S PLASTIC PRODUCTS INC. |
| 132 | FATHER FLANAGAN'S BOYS' HOME |
| 133 | FERRELL COMPANIES, INC. |
| 134 | FERRO CORP. |
| 135 | FISHER & COMPANY, INCORPORATED |
| 136 | FITCH, INC. |
| 137 | FIVE STAR DISTRIBUTING, INC. |
| 138 | FONTANESI & KAHN |
| 139 | FOREMOST FARMS USA |
| 140 | FOREST LABORATORIES, INC. |
| 141 | FLORIDA CHAMBER OF COMMERCE |
| 142 | FLORIDA GAS  TRANSMISSION COMPANY |
| 143 | FLO-TORK, INC. |
| 144 | FOX CITIES CHAMBER OF COMMERCE & INDUSTRY |
| 145 | FRANK W. KERR COMPANY |
| 146 | FREEPORT MCMORAN / PHELPS DODGE CORP. |
| 147 | GARDNER DENVER, INC. |
| 148 | GERLIN, INC. DBA CORE PIPE PRODUCTS, INC. |
| 149 | GENERAC |
| 150 | GENERAL MILLS |
| 151 | GEO CONSULTANTS, LLC |
| 152 | GHP OPERATING COMPANY LLC (GLOBAL HOME PRODUCTS) |
| 153 | GILLETTE / PROCTER & GAMBLE |
| 154 | GLENMARK INDUSTRIES INC. |
| 155 | GPD, INC. |
| 156 | GREAT PLAINS ENERGY INCORPORATED |
| 157 | GREATER BINGHAMTON CHAMBER OF COMMERCE |
| 158 | GREATER GREENVILLE CHAMBER OF COMMERCE |
| 159 | GREATER JACKSON CHAMBER PARTNERSHIP |
| 160 | GREATER LOUISVILLE INC. |
| 161 | GREATER NEW HAVEN CHAMBER OF COMMERCE |
| 162 | GREATER PROVIDENCE CHAMBER OF COMMERCE |

4

| | PLAN SPONSOR |
|---|---|
| 163 | GREATER RALEIGH CHAMBER OF COMMERCE |
| 164 | GREATER READING CHAMBER OF COMMERCE/INDUSTRY |
| 165 | GREATER SCRANTON CHAMBER OF COMMERCE |
| 166 | GREATER TAMPA CHAMBER OF COMMERCE |
| 167 | GREATER TOPEKA CHAMBER OF COMMERCE |
| 168 | GREATER WACO CHAMBER OF COMMERCE |
| 169 | GREATER WASHINGTON BOARD OF TRADE |
| 170 | GREEN DIAMOND RESOURCE COMPANY |
| 171 | GREEN THUMB LAWNSCAPING, INC. |
| 172 | GRINDMASTER CORPORATION |
| 173 | GROESBECK LUMBER & SPPLY, INC. |
| 174 | GZA GEOENVIRONMENTAL, INC. |
| 175 | H&S TOOLS INC. |
| 176 | HALEY & ALDRICH INC |
| 177 | HAPAQ-LLOYD |
| 178 | HAMPTON ROADS CHAMBER OF COMMERCE |
| 179 | HARRIS PUBLICATIONS, INC. |
| 180 | HARTFORD CHAMBER OF COMMERCE |
| 181 | HARVEY M. ROSE ASSOCIATES, LLC |
| 182 | HASBRO INC. |
| 183 | HAYES LEMMERZ / HLI OPERATING COMPANY, INC. |
| 184 | HEALTH INSURANCE PLAN OF GREATER NEW YORK |
| 185 | HEART CITY AUTOMOTIVE, INC. |
| 186 | HFI, LLC |
| 187 | HIGH-TECH INSTITUTE, INC. |
| 188 | HIP ADMINISTRATORS OF FLORIDA, INC. |
| 189 | HILTON HEAD ISLAND CHAMBER OF COMMERCE |
| 190 | HITACHI AMERICA LTD |
| 191 | HOME DEPOT, INC. |
| 192 | HORNBERGER, SHEEHAN, FULLER & BEITER, INC. |
| 193 | HORNER ELECTRIC INC. |
| 194 | HOSPIRA INC. |
| 195 | HOSPIRA PUERTO RICO LLC |
| 196 | HP HOOD LLC |
| 197 | HUDSON, POTTS & BERNSTEIN L.L.P. |
| 198 | HUGHES HUBBARD & REED LLP |
| 199 | HUHTAMAKI AMERICAS, INC. |
| 200 | IDEARC, INC. |
| 201 | INDIANA DIMENSION, INC. |
| 202 | INDUSTRIAL STEEL INC. |
| 203 | INFINITY SYSTEMS ENGINEERING, LLC |
| 204 | INFINITY TECHNOLOGY SERVICES, LLC |

| | **PLAN SPONSOR** |
|------|------|
| 205 | INTERACTIVE DATA |
| 206 | INTERMET CORP |
| 207 | INTERNATIONAL PAPER COMPANY |
| 208 | INTERPUBLIC GROUP OF COMPANIES (IPG) |
| 209 | IPSOS AMERICA, INC. |
| 210 | J. HORST MANUFACTURING CO. INC. |
| 211 | JEFFERSON CHEVROLET CO. |
| 212 | JETRO CASH & CARRY ENTERPRISES, LLC |
| 213 | JOHN BURNS CONSTRUCTION COMPANY |
| 214 | JOHNSON & QUIN, INC. |
| 215 | JOHNSTOWN AREA REGIONAL INDUSTRIES, INC. |
| 216 | JSJ CORPORATION |
| 217 | KALAMAZOO REGIONAL CHAMBER OF COMMERCE |
| 218 | KALIL BOTTLING CO. |
| 219 | KEARFOTT GUIDANCE & NAVIGATION CORPORATION |
| 220 | KEATING OF CHICAGO, INC. |
| 221 | KELLY SERVICES INC. |
| 222 | KEY TRONIC CORPORATION |
| 223 | KULICKE & SOFFA INDUSTRIES, INC. |
| 224 | KEY ENERGY SERVICES, INC. |
| 225 | KEYSPAN ENERGY CORPORATION / NATIONAL GRID USA |
| 226 | KOCH INDUSTRIES, INC. |
| 227 | L.W. BARRETT CO., INC. |
| 228 | LAMERS BUS LINES, INC. |
| 229 | LAN-CON, INC. |
| 230 | LEE ENTERPRISES INC. |
| 231 | LEMAN USA INC. |
| 232 | LIBBEY INC. |
| 233 | LIGGETT GROUP INC. |
| 234 | LINDE HOLDINGS, LLC |
| 235 | LINDE GROUP / BOC GROUP |
| 236 | LITTLE ROCK REGIONAL CHAMBER OF COMMERCE |
| 237 | LOCHMANDY MOTOR SALES, INC. |
| 238 | LOUISIANA ASSOCIATION OF BUSINESS & INDUSTRY |
| 239 | MAGNETEK, INC. |
| 240 | MARIAN, INC. |
| 241 | MCDONALD'S CORP. |
| 242 | MCKENZIE MEMORIAL HOSPITAL |
| 243 | MCWILLIAMS ELECTRIC COMPANY INC. |
| 244 | M-D BUILDING PRODUCTS, INC. |
| 245 | MDM SERVICES CORPORATION |
| 246 | MEADOWBROOK DODGE, INC |

| | PLAN SPONSOR |
|---|---|
| 247 | MEMPHIS AREA CHAMBER OF COMMERCE |
| 248 | MERCHANTS MUTUAL INSURANCE COMPANY |
| 249 | METAL-ERA, INC. |
| 250 | METROPOLITAN TULSA CHAMBER OF COMMERCE |
| 251 | MIAMI-LUKEN, INC. |
| 252 | MIAMI VALLEY RESEARCH FOUNDATION |
| 253 | MICHIGAN CORPORATE SERVICES, LLC |
| 254 | MICHIGAN MAPLE BLOCK COMPANY |
| 255 | MIKE RAISOR PONTIAC, INC. |
| 256 | MILLBROOK EMPLOYEE LEASING CORP. |
| 257 | MINDPEARL (US) INC. |
| 258 | MIRAMED GLOBAL SERVICES, INC. |
| 259 | MITSUBA BARDSTOWN, INC. |
| 260 | MITSUBISHI MOTORS NORTH AMERICA, INC. |
| 261 | MITTAL STEEL USA INC. / ARCELORMITTAL |
| 262 | MODERN DROP FORGE CO. |
| 263 | MOOG INC. |
| 264 | MOORE FUNERAL HOME INC. |
| 265 | MOVADO GROUP INC. |
| 266 | NATIONAL DISTRIBUTING COMPANY, INC. |
| 267 | NATIONAL HEALTH SYSTEMS INC. |
| 268 | NATIONAL TANK COMPANY |
| 269 | NAVISTAR |
| 270 | NCL (BAHAMAS) LTD. D/B/A NCL |
| 271 | NEFF ENGINEERING CO, INC. |
| 272 | NETWORK EQUIPMENT TECHNOLOGIES INC. |
| 273 | NEWARK REGIONAL BUSINESS PARTNERSHIP |
| 274 | NEW CENTURY FINANCIAL CORP. |
| 275 | NEWPORT SERVICE CORP |
| 276 | NFT INCORPORATED |
| 277 | NORTHERN KENTUCKY CHAMBER OF COMMERCE |
| 278 | NOVARTIS / CIBA-GEIGY CORP. |
| 279 | NIBLOCK EXCAVATING, INC. |
| 280 | NORTH COAST DISTRIBUTING, INC. |
| 281 | NORTH COUNTRY MOBILE HOMES, INC. |
| 282 | ODESSA CHAMBER OF COMMERCE |
| 283 | ODESSA CHAMBER OF COMMERCE PROFIT SHARING |
| 284 | ODIN, FELDMAN, & PITTLEMAN, P.C. |
| 285 | O'DONNELL WICKLUND PIGOZZI AND PETERSON INC. |
| 286 | OKLAHOMA STATE CHAMBER OF COMMERCE |
| 287 | OLD DOMINION |
| 288 | OLMARC PACKAGING COMPANY |

|     | **PLAN SPONSOR** |
| --- | --- |
| 289 | OLYMPUS CORPORATION OF THE AMERICAS |
| 290 | ORCHARD FIRST SOURCE CAPITAL, INC. |
| 291 | OREGON ANESTHESIOLOGY GROUP, P.C. |
| 292 | PACIFIC WESTERN TECHNOLOGIES, LTD. |
| 293 | PACKAGING CORPORATION OF AMERICA (PCA) (HOURLY) |
| 294 | PACKAGING CORPORATION OF AMERICA (PCA) (SALARIED) |
| 295 | PARAGON COMPUTER PROFESSIONALS, INC. |
| 296 | P-COR, LLC |
| 297 | PDC FACILITIES, INC. |
| 298 | PEARSON, INC. |
| 299 | PENSION PLAN OF THE GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION INC. |
| 300 | PENTON LEARNING SYSTEMS, L.L.C. |
| 301 | PEROT SYSTEM CORP. |
| 302 | PETERSEN ALUMINUM CORPORATION |
| 303 | PIPEFITTERS LOCAL NO. 636 |
| 304 | POLSINELLI SHALTON WELTE SUELTHAUS P.C. |
| 305 | PRECISION CONTROL SYSTEMS OF INDIANAPOLIS, INC. |
| 306 | PRINT AND CONVERTING RESOURCES, LLC |
| 307 | PROCTER & GAMBLE CO. |
| 308 | PROCTER & GAMBLE SUBSIDIARIES |
| 309 | PROFESSIONAL PROJECT SERVICES, INC. |
| 310 | PROFESSIONAL X-RAY CENTER PC |
| 311 | R.A.P.E.L. INC. |
| 312 | RAIA PROPERTIES CORPORATION |
| 313 | REED & BARTON CORPORATION |
| 314 | RELIANCE GEAR CORPORATION |
| 315 | REPUBLIC NATIONAL DISTRIBUTING COMPANY |
| 316 | RESCAR COMPANIES |
| 317 | REYNOLDS & REYNOLDS |
| 318 | RICHMOND METROPOLITAN CONVENTION & VISITORS |
| 319 | ROBERT BOSCH |
| 320 | ROCK & BORGELT P.C. |
| 321 | ROGERS BROTHERS, INC. |
| 322 | ROHR-TIPPE MOTORS, INC. |
| 323 | ROPES & GRAY LLP |
| 324 | ROSE PRINTING SERVICES, INC. |
| 325 | ROTHBERG, LOGAN AND WARSCO LLP |
| 326 | ROWLAND DESIGN, INC. |
| 327 | ROY O. MARTIN LUMBER COMPANY, LLC |
| 328 | RUSSELL STOVERS CANDIES, INC. |
| 329 | RYDER SCOTT CO. L.P. |

| | PLAN SPONSOR |
|---|---|
| 330 | S.E.L., INC. |
| 331 | SAFETY AND ECOLOGY CORPORATION |
| 332 | SAFETY VISION, L.P. |
| 333 | SALINA AREA CHAMBER OF COMMERCE |
| 334 | SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT |
| 335 | SANTA CLARA CHAMBER OF COMMERCE |
| 336 | SCHIFF NUTRITION GROUP, INC. |
| 337 | SCHWARZ PAPER COMPANY |
| 338 | SCHWAN SHARED SERVICES, LLC |
| 339 | SCOTTSDALE CONVENTION & VISITORS BUREAU |
| 340 | SHAW ENVIRONMENTAL, INC. |
| 341 | SHREVEPORT CHAMBER OF COMMERCE |
| 342 | SEARLES VALLEY MINERALS |
| 343 | SELECT INTERNATIONAL CORP. |
| 344 | SEMITOOL, INC. |
| 345 | SHAKLEE CORPORATION |
| 346 | SIEMANS PERSONNEL, LLC |
| 347 | SIMPSON INVESTMENT COMPANY |
| 348 | SKAFF CARPET AND FURNITURE CO. |
| 349 | SOUTHERN UNION COMPANY |
| 350 | SPERION CORPORATION |
| 351 | SPOKANE REGIONAL CHAMBER OF COMMERCE |
| 352 | SPRINGFIELD AREA CHAMBER OF COMMERCE |
| 353 | SPRINGFIELD CONVENTION & VISITORS BUREAU, INC |
| 354 | SPRINGS INDUSTRIES INC. |
| 355 | SPRINGS WINDOW FASHIONS, LLC |
| 356 | SR. CARE CENTERS MANAGEMENT, LLC |
| 357 | SSW HOLDING COMPANY, INC. |
| 358 | ST. LANDRY PARISH SOLID WASTE DISPOSAL DISTRICT |
| 359 | ST. LOUIS REGIONAL CHAMBER & GROWTH ASSOC |
| 360 | ST. JUDE MEDICAL, INC. |
| 361 | STANDARD MOTOR PRODUCTS, INC. |
| 362 | STANDARD PACIFIC CORP |
| 363 | STARK DEVELOPMENT BOARD |
| 364 | STAR MARKETS, LTD. |
| 365 | STATE BANK OF LIZTON |
| 366 | STEEL TECHNOLOGIES, INC. |
| 367 | STERLING HEIGHTS DODGE INC. |
| 368 | SUMMIT MEDICAL GROUP |
| 369 | SUPREME MACHINED PRODUCTS CO. INC. |
| 370 | SUSQUEHANNA PFALTZGRAFF CO. |

| | PLAN SPONSOR |
|---|---|
| 371 | SWISS INTERNATIONAL AIRLINES, LTD. |
| 372 | SWISS RE AMERICA HOLDING CORP. |
| 373 | SYNERGIS TECHNOLOGIES GROUP |
| 374 | SYPRIS SOLUTIONS, INC. |
| 375 | TACOMA-PIERCE COUNTY CHAMBER OF COMMERCE |
| 376 | TAYLOR CORP. INC. |
| 377 | TAYLOR, PORTER, BROOKS, & PHILLIPS LLP |
| 378 | TERREBONNE MOTOR COMPANY, INC. |
| 379 | TETRA TECH, INC. |
| 380 | TEXAS ENERGY ENGINEERS, INC. |
| 381 | TFE, INC. |
| 382 | TGW-ERMANCO INC. |
| 383 | THE BUSINESS COUNCIL OF FAIRFIELD COUNTY |
| 384 | THE CHAMBER, DAYTONA BEACH & HALIFAX AREA |
| 385 | THE FITZPATRICK COMPANY |
| 386 | THE L.D. KICHLER CO. |
| 387 | THE LOXCREEN COMPANY, INC. |
| 388 | THE MAYER ELECTRIC SUPPLY CO., INC |
| 389 | THE MERCO GROUP, INC. |
| 390 | THE NPD GROUP, INC. |
| 391 | THERMATOOL CORPORATION |
| 392 | TIMKEN CO. (SALARY) |
| 393 | TIMKEN CO. (UNION) |
| 394 | TITAN INTERNATIONAL INC. |
| 395 | TOSHIBA TUNGALOY AMERICA, INC. |
| 396 | TRACHTE INC. |
| 397 | THETA TECHNOLOGIES, INC. |
| 398 | THE TRANZONIC COMPANIES |
| 399 | TREDEGAR CORPORATION |
| 400 | TREE TOP, INC. |
| 401 | TRIVEST SERVICE CORPORATION |
| 402 | TRUSSAL AND COMPANY |
| 403 | TS TECH HOLDING CO. |
| 404 | UNITED BUSINESS MEDIA |
| 405 | UNITED MINE WORKERS OF AMERICA (UMWA) |
| 406 | UNITED STATES BRASS & COPPER |
| 407 | URS GROUP, INC. |
| 408 | USG CORP. |
| 409 | UTILITIES INC. |
| 410 | VALASSIS |
| 411 | VENTURE ENCODING SERVICE, LLC |
| 412 | VERITAS |

| | PLAN SPONSOR |
|---|---|
| 413 | VIASAT, INC. |
| 414 | VIJUK EQUIPMENT, INC. |
| 415 | VULCAN IRON WORKS |
| 416 | WALNUT CREEK CHAMBER OF COMMERCE |
| 417 | WASTREN, INC. |
| 418 | WESKEM, LLC |
| 419 | WHITE HOUSE MANUFACTURING CORP. |
| 420 | WILLIAMSBURG AREA CHAMBER OF COMMERCE |
| 421 | WILLIAMS FORM ENGINEERING CORPORATION |
| 422 | WILSON ELECTRIC COMPANY |
| 423 | WILSONS THE LEATHER EXPERTS |
| 424 | WINNEBAGO COLOR PRESS, INC. |
| 425 | WINNEBAGO INDUSTRIES, INC. |
| 426 | WINSTON HEAT TREATING, INC. |
| 427 | WORLD BANK |
| 428 | WSMS MID-AMERICA, LLC |
| 429 | WSMS-MK, LLC |
| 430 | YOKEM MOTORS, INC. |
| 431 | YORK COUNTY CHAMBER OF COMMERCE |
| 432 | YORK COUNTY ECONOMIC DEVELOPMENT |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

# Notice of Class Action Settlement and Fairness Hearing

**You have been identified as a participant or beneficiary in your employer's 401(k) retirement savings plan through which you were invested at relevant times in certain JPMorgan stable value funds. You could get a payment from this Class Action Settlement.**

*The Court has authorized this notice. This is not a solicitation from a lawyer. Neither you nor your retirement plan is being sued.*

**I.          PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY**

The purpose of this Notice is to inform you the Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action brought by certain individuals whose 401(k) plan accounts included investments in the JPMorgan stable value funds. The action is entitled *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, case no. 12-CV-2548 (the "Action"), currently pending before the Honorable Vernon S. Broderick of the United States District Court for the Southern District of New York (the "Court"). The Court has given its preliminary approval to the Settlement.  You should read this notice carefully, because your legal rights are affected whether you act or do not act.

The Plaintiffs brought the Action alleging violations of the Employment Retirement Income Security Act ("ERISA"), concerning the way Defendants JPMorgan Chase & Co. and other JPMorgan entities ("Defendants" or "JPMorgan") managed the Class Members' 401(k) plan investments that were allocated to certain JPMorgan stable value funds.

JPMorgan denies all claims, and nothing in the Settlement is an admission or concession on JPMorgan's part of any fault or liability whatsoever.

**Exhibit 3**

In its March 31, 2017, Memorandum Opinion and Order, the Court certified a class and three subclasses of individuals who were participants or beneficiaries in their employer's 401(k) plans and had some of their investments allocated to a stable value fund managed by JPMorgan during the class periods. (The definition of the class and the class periods is set forth below in Section II, "Definition of the Class.") The names of the 401(k) plans through which Class Members allocated retirement assets to JPMorgan stable value funds are listed in Attachment 1 to this Notice.[1]

## A.    **The Settlement**

As part of the Settlement, a fund of $75,000,000 (the "Settlement Amount") has been established to resolve the Action. From that $75,000,000 will first be paid any administrative expenses, taxes, tax expenses, Court-approved attorneys' fees and costs, Class Representative service awards, and other approved expenses of the litigation. Then, the remaining Settlement Amount (called the "Net Settlement Amount") will be allocated to Class Members according to the Plan of Allocation to be approved by the Court. Shortly after the Court preliminarily approved the Settlement, JPMorgan deposited the $75,000,000 Settlement Amount in an interest-bearing Qualified Settlement Fund. Upon final approval of the Settlement by the Court, the interest accrued on the Settlement Fund will be added to the Settlement Amount in order to benefit the Class.

The Settlement provides, among other things, for the allocation of monies directly into the individual accounts of Class Members who had an account with a positive balance (an "Active Account") in one of the 401(k) plans that are listed in Attachment 1 as of the most current participant data received by Class Counsel ("Current Participants").

---

[1] Attachment 1 lists the plans which, according to information available at the time of the Settlement, offered a JPMorgan stable value fund during the class period. The plans identified on Attachment 1 may change based on the subsequent investigation of the parties.

Class members who are entitled to a distribution but who no longer have an "Active Account" in one of the Plans listed in Attachment 1 ("Former Participants") will receive their allocation by check mailed to their last known address or by rollover if available and elected.

**Our records indicate that you are a Former Participant. You must return a Claim Form by _____ to participate in the Settlement. (See answer to Question No. 6 below for more information.)**

### B.   Statement of Attorneys' Fees and Costs in the Class Action

Co-Lead Class Counsel, and the firms assisting them, have devoted many hours to bringing this case and pursuing it for the past five-and-a-half years. During that time, they also have advanced costs for expert consulting services, substantial investigation, intensive document analysis, and other costs necessary to pursue the case. Co-Lead Class Counsel's motion for class certification was granted by the Court on March 31, 2017. Co-Lead Class Counsel successfully defended JPMorgan's petition for an immediate appeal of the Class Certification Order, which the Second Circuit denied. Co-Lead Class Counsel engaged in substantial investigation and analysis of the law and facts concerning the Action in opposing JPMorgan's motion for summary judgment. This work resulted in the monetary benefits provided in the Settlement. Co-Lead Class Counsel took the risk of litigation and have not been paid for any of their time or reimbursed for any of the costs that they have incurred during the more than five years that the Action has been pending before the Court. Co-Lead Class Counsel also have agreed to undertake the additional risk of paying some of the administrative costs of the settlement process if the Settlement is not approved.

Co-Lead Class Counsel will apply to the Court for payment of attorneys' fees and costs for their work in the case.  Co-Lead Class Counsel will request fees not to exceed one-third of the $75,000,000 Settlement Amount and will request reimbursement of litigation costs not to exceed

$1,750,000. Any attorneys' fees and costs awarded by the Court to Co-Lead Class Counsel will be paid from the Qualified Settlement Fund. Co-Lead Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the Net Settlement Amount.

As is customary in class action cases in which the Class Representatives have spent time and effort on the litigation, Co-Lead Class Counsel also will ask the Court to approve Service Award payments, not to exceed $20,000, for each of the 12 Class Representatives who took on the risk of litigation, provided discovery, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual development of the Action.

## II.     DEFINITION OF THE CLASS

You are deemed to be part of the Class and a participant in this Action if you fit into one or more of the class or subclass definitions below, unless you expressly exclude yourself from the Class in writing. (See answer to Question No. 8 below.)

By order dated March 31, 2017, the Court certified this case to proceed on behalf of a class defined as follows:

> All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in any JPM Stable Value Fund that invested in the JPM Intermediate Bond Fund and/or the Intermediate Public Bond Fund between January 1, 2009 and December 31, 2010 and whose stable value fund investment performance underperformed the Hueler index or similar objective benchmark. Excluded from the Class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

In addition, the Court certified three subclasses. The first certified subclass—the "SAIF Subclass"—is defined as follows:

4

All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in the JPM Stable Asset Income Fund ("SAIF") from between January 1, 2009 and December 31, 2010 and whose stable value fund investment underperformed the Hueler Index or similar objective benchmark. Excluded from the Class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The second certified subclass—the "ACSAF/JP Morgan Stable Value Fund Subclass"—

has a class period that begins on September 17, 2007. The ACSAF/JP Morgan Stable Value Fund

Subclass is defined as follows:

All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in the American Century Stable Asset Fund [("ACSAF")] immediately before JPMAM took over the Fund and received its assets in the ACSAF/JPM Stable Value Fund on or about September 17, 2007 and continuing to December 31, 2010, and whose stable value fund investment underperformed the Hueler Index or similar objective benchmark. Excluded from the class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The third certified subclass—the "Caterpillar Subclass"—is defined as follows:

All participants of the Caterpillar Plan, as well as beneficiaries of those plans, who were invested directly or indirectly in JPM's Caterpillar Stable Principal Fund or any other JPM Stable Value Fund that invested in the Intermediate Bond Fund and / or the Intermediate Public Bond Fund between January 1, 2009 and December 31, 2010 and whose stable value fund investment performance underperformed the Hueler index or similar objective benchmark. Excluded from the class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the

Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The "objective benchmark" referenced in each of these definitions will be the Lehman Brothers Intermediate Aggregate Index (later renamed the Barclays Intermediate Aggregate Index) (hereafter the "Lehman/Barclays Intermediate Aggregate Index" or the "Benchmark").

## 1. Why Did I Receive This Settlement Notice?

You received this Notice because records from the record keeper for your 401(k) plan show that you were a participant or beneficiary in a 401(k) plan and that your 401(k) plan account included investments in a JPMorgan stable value fund, and you otherwise may be part of the Class or one of the Subclasses, as explained above.

## 2. What Is The Class Action About?

In this Class Action, Plaintiffs principally allege that Defendants violated ERISA in two fundamental ways. First, Plaintiffs allege that JPMorgan managed Plaintiffs' investments imprudently in violation of JPMorgan's fiduciary duties, by causing its stable value funds to invest in two other JPMorgan funds, the Intermediate Bond Fund ("IBF") and the Intermediate Public Bond Fund ("IPBF"), which, in turn, invested in risky, highly leveraged assets, including, among other things, mortgage-related assets. Second, Plaintiffs allege that certain Defendants, as fiduciaries for the relevant plans and their participants and beneficiaries, breached their obligations under ERISA to comply with the duties of prudence and diversification and to discharge their duties solely in the interests of plan participants and beneficiaries, and for the exclusive purpose of providing benefits to the plan participants and beneficiaries. Plaintiffs also claim that certain Defendants engaged in transactions prohibited by ERISA, and the ACSAF/JPM Stable Value Fund Subclass Plaintiffs make additional claims against all Defendants for engaging in transactions prohibited by ERISA.

While none of the Plaintiffs or Class Members lost any of the money they invested in JPMorgan stable value funds, the Plaintiffs alleged that they were damaged because the investment return paid to Class Members would have been greater if the funds had been prudently managed.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives. Defendants deny that they are liable at all to the Class, and that the Class has suffered any harm or damage for which Defendants could or should be held responsible. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever.

## 3. Why Is There A Settlement?

The Court has not reached a final decision on the merits of the Class Representatives' claims. Instead, a majority of the Class Representatives (the "Settling Class Representatives") and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations

between Co-Lead Class Counsel and Defendants' counsel and an in-person mediation session with a private mediator, followed by months of further negotiation. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement.

[Objectors' Proposal - Four of the twelve Class Representatives do not approve of the settlement. Those four Class Representatives are represented by Philip Greenfield and Kirk May, German May PC, 1201 Walnut Street, 20th Floor, Kansas City, MO, 816-471-7700, www.germanmay.com.]

## 4. What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants, as defined on pages 2-3 above. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing plan accounts in accord with their current investment elections. Allocations to Former Participants who are entitled to a distribution under the Plan of Allocation will made by check mailed to their last known address or, if available and they so elect, as a rollover to a qualified retirement account.

In return for payment to the Class of the $75,000,000 Settlement Amount, all Class Members will fully release the Defendants and the Released Parties from the Released Claims. The Released Parties include Defendants, any related entities, as well as any past attorneys and agents. The Released Claims include (but are not limited to) the following:

- All claims that were or could have been asserted in the Action, or that did or could arise out of the conduct alleged in the complaints filed in the Action.

- All claims that relate to any JPMorgan stable value fund investments, the holdings of any stable value fund investments, or disclosures regarding any stable value investments.

- All claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation.

This is only a summary of the Released Parties and Released Claims and is not a binding description of either. The governing releases are found within the Settlement Agreement at www.jpmsvfclassaction.com. Generally, the release means that Class Members will not have the right to sue the Defendants or related parties for conduct during the Class Period arising out of or relating to the allegations in the Action.

The entire Settlement Agreement is available at www.jpmsvfclassaction.com.

## 5. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by your employer's 401(k) plan's record keeper and your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be: (1) a member of the Class or one of the Subclasses, as defined in Section II above, who submitted a complete and satisfactory Claim Form by the deadline; or (2) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

Under the proposed Plan of Allocation, the Net Settlement Amount will be divided among all Class Members based upon the underperformance, if any, of each Class Member's JPMorgan stable value investment compared to the Lehman/Barclays Intermediate Aggregate Index. At the Fairness Hearing, the Court will be asked to approve this calculation process as part of the Plan of Allocation.

To make this allocation, the Settlement Administrator will first calculate the Individual Underperformance Amounts by comparing the underperformance, if any, of the JPM Stable Value Funds by comparing the crediting rate of the Plans the participants invested in, with a crediting rate derived from the Benchmark.  If the calculation shows that a Plan did not experience any underperformance compared to the Benchmark then the participants in those Plans are not by definition Class Members because they did not suffer from any underperformance damages.  For those Plans that experienced underperformance the second step will be for the Settlement Administrator to calculate the Individual Underperformance Amounts as the total dollar value amount by which each participant's individual investment in JPM Stable Value Funds underperformed the Benchmark during the relevant time periods.  The specific method for calculating these amounts is detailed in the Settlement Agreement's Plan of Allocation. The sum of all Individual Underperformance Amounts is defined to be the "Total Underperformance Amount."

Once the Underperformance Amounts have been calculated, each Class Member's payment will be calculated by multiplying the Net Settlement Amount by the ratio of that Class Member's Individual Underperformance Amount to the Total Underperformance Amount. This will allow each individual Class Member to receive an allocation from the Net Settlement Amount proportional to the underperformance of his or her stable value investment compared with the underperformance of other Class Members' investments (all other things being equal). Plan of Allocation examples are available on the website, www.jpmsvfclassaction.com.

Class Counsel and the Settlement Administrator must review information from your 401(k) plan account to determine whether your investments in JPMorgan stable value funds underperformed as compared to the Benchmark. Any information Class Counsel obtains will be treated confidentially under the Protective Order entered by the Court in this Action and will be used solely for purposes of determining if you are a Class Member entitled to payment under the terms of the Settlement.

## 6. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are a "Current Participant" or a "Former Participant." **According to your Plan's record keeper, you are a Former Participant. In order to receive your distribution, you must return a valid and timely Claim Form received by the Settlement Administrator no later than Month 00, 0000. A Claim Form is enclosed with this Notice**.

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several events, including the Court's final approval of the Settlement and that approval being no longer subject to any appeal in any court. If there is an appeal of the final approval, it may take several years to resolve and the distribution of the Net Settlement Amount will be delayed until that process is complete. If the Settlement is approved by the Court, and there are no appeals, distribution of the Net Settlement Amount likely will occur in 2019.

**Separately, there are provisions in the Settlement Agreement that allow the parties to terminate the Settlement under specific conditions. There will be no payments under the Settlement if the Settlement Agreement is terminated.**

**There will be no payment to you if the Settlement Administrator determines that your individual JPMorgan stable value investment did not suffer any Underperformance Amount when measured against the Benchmark.**

**If the amount you are allocated is less than the amount of the reasonable direct costs of processing and delivering your payment then no distribution will be made to you. For example, if your allocation is less than $5 and the reasonable direct costs of processing the payment and delivery are greater than $5, you would not be eligible to receive any payment under the Settlement.**

## 8. Can I Get Out Of The Settlement?

Yes, you have the right to exclude yourself from the Class and give up the right to your share of the Settlement Amount. Note: if you exclude yourself from the Class, you may not have a right to bring your own lawsuit due to ERISA's six-year statute of repose. Class Counsel is of the opinion that ERISA's six-year statute of repose bars you from bringing your own lawsuit. You may consult your own lawyer to get advice on this issue at your own expense.

If you ask to be excluded, you won't have a right to receive a payment from the Settlement. You will also not be bound by any judgment of the Court or the terms of the Settlement Agreement, including the release of your potential claims. However, under the United States Supreme Court's ruling in *California Public Employees' Retirement System v. ANZ Securities Inc.*, No. 16-373, 582 U.S.__ (2017), your rights to prosecute any individual claims against the Defendants arising out of these transactions may have already expired due to ERISA's six-year statute of repose.

To ask to be excluded from this proceeding, you must send an "Exclusion Request" by letter, expressly stating that you want to be excluded from the Class in *In re: J.P. Morgan Stable Value Fund ERISA Litigation.* Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request, postmarked by Month 00, 0000, to the Settlement Administrator at the following address:

JPM Stable Value Fund Litigation
c/o JND Class Action Administration
P.O. Box 91304
Seattle, WA 98111

## 9. Do I Have A Lawyer In The Case?

The Court has appointed The Law Offices of Michael M. Mulder and Schneider Wallace Cottrell Konecky Wotkyns LLP to represent the Class as Co-Lead Class Counsel. Co-Lead Class Counsel are working jointly with and being assisted by the law firms of Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A; and Peiffer Rosca Wolf Abdullah Carr & Kane, APLC. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Co-Lead Class Counsel will file a petition for the award of attorneys' fees and costs. This petition will be considered at the Fairness Hearing. Co-Lead Class Counsel has agreed to limit their application for an award of attorneys' fees and costs to not more than $25,000,000 in fees and $1,750,000 in costs. The Court will determine what fees and costs will be approved.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-cv-02548. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be mailed to each of the following addressees and received by the Court no later than XXXXXXX, 2019.

| THE COURT | CLASS COUNSEL | [Objectors' Proposal - COUNSEL FOR FOUR CLASS REPRESENTATIVES |
|---|---|---|
| Clerk of the Court United States District Court Southern District of New York, Daniel Patrick Moynihan United States Court House 500 Pearl Street, New York, New York 10007 | Schneider Wallace Cottrell Konecky Wotkyns LLP Attn: JPM Stable Value Fund ERISA Litigation 2000 Powell Street, Suite 1400 Emeryville, California 94608 counsel@jpmsvfclassaction.com Tel: 1-844-877-5925 | German May PC 1201 Walnut Street 20th Floor Kansas City, MO 64106 Attn: JPM Stable Value Fund ERISA Litigation] |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at the U.S. District Court, 500 Pearl Street, New York, NY 10007. The Court has not yet scheduled the specific day and time of that hearing, but under the terms of the Settlement Agreement, it will occur after _____, 20__. When the Fairness Hearing is scheduled by the Court, information regarding the hearing will be posted on the website for the Settlement at www.jpmsvfclassaction.com.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections by Class Members, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's attorneys' fees and costs and any service awards to Class Representatives.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you have timely objected, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

## 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-cv-02548." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to Class Counsel [Objectors' Proposal -and Counsel For Four Class Representatives] and filed with the Clerk of the Court no later than **XXXXX, 2019.** (Your notice must be mailed to each of the addressees listed in the answer to Question No. 11).

Please note that only Class Members may speak at the Fairness Hearing. If you have chosen to exclude yourself from the Settlement, you are no longer a member of the Settlement Class and may not speak at the Fairness Hearing.

## 15. What Happens If I Do Nothing At All?

If you are a Class Member, and you do nothing, you will be bound by the Settlement as described above in this Settlement Notice if the Settlement is finally approved, **BUT YOU WILL NOT RECIEVE ANY MONEY. THE ONLY WAY TO RECEIVE ANY MONEY IS TO FILE A CLAIM FORM NO LATER THAN XXXX, 2019**. (See Question No. 6.)

## 16. How Do I Get More Information?

This Settlement Notice does not fully describe all of the claims, defenses, or contentions of the parties. If you have questions about this Notice or the Action, please do not contact the Court. If you have questions regarding the Settlement, you can call Class Counsel at 1-844-877-5925, email Class Counsel at counsel@jpmsvfclassaction.com, [Objectors' Proposal - call Counsel For Four Class Representatives at 816-471-7700, email Counsel For Four Class Representatives at philg@germanmay.com or kirkm@germanmay.com,] call the Settlement Administrator at 1-844-877-5911, write to the Settlement Administrator at JPM Stable Value Fund Litigation c/o JND Class Action Administration, P.O. Box 91304, Seattle, WA 98111, or go to the following website: www.jpmsvfclassaction.com where you will find the Court's order certifying the Class, the Plaintiffs' Consolidated and Amended Complaint, the Defendants' Answer to the Consolidated and Amended Complaint, the Settlement Agreement, and information regarding the day, time, and location of the Fairness Hearing once it has been scheduled by the Court. Other filings with the Court and information regarding the Settlement are also available online [Objectors' Proposal - or from the counsel noted above.].

Dated: _____, 2018

                              _____
                              BY THE ORDER OF THE UNITED STATES
                              DISTRICT COURT FOR THE SOUTHERN
                              DISTRICT OF NEW YORK

**ATTACHMENT 1**

| | PLAN SPONSOR |
|---|---|
| 1 | 1888 MILLS, LLC |
| 2 | A.A. ANDERSON CO., INC. |
| 3 | ABILENE CHAMBER OF COMMERCE |
| 4 | ABITIBI CONSOLIDATED SALES CORPORATION |
| 5 | ACCE BENEFIT TRUST |
| 6 | ACCE BENEFITS TRUST |
| 7 | ACCE BENEFITS TRUST 401(K) PLAN |
| 8 | ADVANCED MEDICAL OPTICS, INC. |
| 9 | AGGREKO, LLC |
| 10 | AJAX PAVING INDUSTRIES OF FLORIDA, INC. |
| 11 | AJAX PAVING INDUSTRIES, INC. |
| 12 | ALASKA TANKER COMPANY ATC |
| 13 | ALCON LABS |
| 14 | ALLERGAN INC |
| 15 | ALM MEDIA INC. |
| 16 | ANCHOR ACQUISITION, LLC |
| 17 | AMARILLO CHAMBER OF COMMERCE |
| 18 | AMERICAN CHAMBER OF COMMERCE EXECUTIVES |
| 19 | AMERICAN CIVIL CONSTRUCTORS, INC. |
| 20 | AMERICAN LIGHTING ASSOCIATION |
| 21 | AMERICAN ROYAL ASSOCIATION |
| 22 | AMERICAN TECHNOLOGIES, INC. |
| 23 | ALLIANT ENERGY CORPORATE SERVICES, INC. |
| 24 | AMERICAN ELECTRIC POWER SERVICE CORP. (AEP) |
| 25 | ANDERSEN CORP. |
| 26 | ANDREW CORP. |
| 27 | ANGELO'S AGGREGATE MATERIALS, LTD. |
| 28 | ANNA TRUCKING L.L.C. |
| 29 | APAC PAPER & PACKAGING CORP. |
| 30 | ARBOR MANAGEMENT, INC. |
| 31 | ARCH CHEMICAL INC. |
| 32 | AREA ENERGY & ELECTRIC, INC. |
| 33 | ARGO GROUP US |
| 34 | ARIZONA CHEMICAL COMPANY |

1

| | **PLAN SPONSOR** |
|---|---|
| 35 | ARLINGTON METALS CORPORATION |
| 36 | ASPHALT PAVING, INC. |
| 37 | ASSOCIATED WHOLESALE GROCERS, INC. |
| 38 | ASTEC INDUSTRIES, INC. |
| 39 | ASTELLAS US LLC |
| 40 | ATLANTIC SOUTHEAST AIRLINES, INC |
| 41 | AUDIO AUTHORITY CORPORATION |
| 42 | AUGUSTA NEWSPRINT COMPANY |
| 43 | AVON PRODUCTS, INC. |
| 44 | B.F. GOODRICH / GOODRICH / UNITED TECHNOLOGIES CORPORATION (UTC) |
| 45 | BADGERLAND SUPPLY. INC. |
| 46 | BAESMAN PRINTING CORPORATION |
| 47 | BANK OF COMMERCE & TRUST COMPANY |
| 48 | BATON ROUGE AREA CHAMBER PROFIT SHARING PLAN |
| 49 | BECHTEL JACOBS COMPANY LLC |
| 50 | BECK TOYOTA CORP. |
| 51 | BEECHMONT PRESS, LLC |
| 52 | BELK  INC. |
| 53 | BELL CORP. |
| 54 | BEMIS COMPANY, INC. |
| 55 | BENESYS, INC. |
| 56 | BERNARD, CASSISA, ELLIOTT AND DAVIS APLC |
| 57 | BEST BUY |
| 58 | BIGSTON CORPORATION |
| 59 | BIOMEDICAL RESEARCH FOUNDATION |
| 60 | BISON GEAR ENG. CORP |
| 61 | BOC EDWARDS, INC. |
| 62 | BOISE CONVENTION & VISITORS BUREAU PROFIT |
| 63 | BOISE METRO CHAMBER OF COMMERCE |
| 64 | BOSE CORP. |
| 65 | BRIGGS AND MORGAN P.A. |
| 66 | BRIGGS & STRATTON CORPORATION |
| 67 | BROCK MCVEY COMPANY |
| 68 | BROOK FURNITURE RENTAL INC. |
| 69 | BROOKSHIRE HOLDINGS, INC. |
| 70 | BROWN AND CALDWELL |

| | **PLAN SPONSOR** |
|---|---|
| 71 | BUCKEYE PIPE LINE SERVICES COMPANY |
| 72 | BUNN-O-MATIC CORPORATION |
| 73 | C.J. ENTERPRISES |
| 74 | CANBERRA OAK RIDGE, LLC |
| 75 | CARATRON INDUSTRIES, INC. |
| 76 | CARGILL INC. |
| 77 | CARL ZEISS VISION INC. |
| 78 | CARR INDUSTRIES, INC. |
| 79 | CARTER MACHINERY CO. |
| 80 | CATERPILLAR INC. |
| 81 | CDM FEDERAL SERVICES, INC. |
| 82 | CELANESE (HOECHST CELANESE) |
| 83 | CENTRALIZED LABORATORY SERVICES INC |
| 84 | CERNER CORP. |
| 85 | CHATTANOOGA AREA CHAMBER OF COMMERCE |
| 86 | CHRISTIAN REFORMED CHURCH IN NORTH AMERICA |
| 87 | CINCINNATI TOOL STEEL COMPANY |
| 88 | CJ HUGHES CONSTRUCTION COMPANY |
| 89 | CLARIAN HEALTH / INDIANA UNIV. HEALTH INC. |
| 90 | CLASEN QUALITY COATINGS, INC. |
| 91 | CLEAR LAKE AREA CHAMBER OF COMMERCE |
| 92 | COLE HARDWOOD INC. |
| 93 | COLLINS & AIKMAN PRODUCTS CO. |
| 94 | COLONIAL PIPELINE CO. |
| 95 | COMMODORE ADVANCE SCIENCES, INC. |
| 96 | COMSYS IT PARTNERS INC. |
| 97 | CONNING & COMPANY |
| 98 | COOK COMPOSITES & POLYMERS COMPANY |
| 99 | COOPERATIVE REGIONS OF ORGANIC PRODUCER POOLS COOPERATIVE, INC. |
| 100 | CROWN EQUIPMENT CORP. |
| 101 | CSK AUTO, INC. |
| 102 | CUMMINS INC. |
| 103 | CUSHMAN & WAKEFIELD, INC. |
| 104 | DACO INCORPORATED |
| 105 | DAKOTA CLINIC / INNOVIS HEALTH |
| 106 | DALLAS REGIONAL CHAMBER |

| | PLAN SPONSOR |
|---|---|
| 107 | DASCO PRO INC. |
| 108 | DETROIT LEGAL NEWS COMPANY |
| 109 | DICK BARKER INC. |
| 110 | DIRECT GENERAL CORPORATION |
| 111 | DON R. FRUCHEY, INC. |
| 112 | DONOHOE COMPANIES INC. |
| 113 | DOTT INDUSTRIES, INC. |
| 114 | DOWCO INC. |
| 115 | DURATEK FEDERAL SERVICES, INC. |
| 116 | E.D. BULLARD COMPANY |
| 117 | EAGLE-PICHER CORPORATION |
| 118 | EDEN STONE CO. INC. |
| 119 | EDISON ELECTRIC INSTITUTE INC. |
| 120 | EET CORPORATION |
| 121 | ELI LILLY |
| 122 | ELKAY MANUFACTURING COMPANY |
| 123 | ELMER'S PRODUCTS INC. |
| 124 | EMPIRE LEVEL MANUFACTURING CORP. |
| 125 | ENERCON ENGINEERING, INC. |
| 126 | ENERGY EAST CORP. |
| 127 | ENERGY NORTHWEST |
| 128 | EP LOYA GROUP, L.P. |
| 129 | ERICSSON INC. |
| 130 | ETHAN ALLEN GLOBAL INC. |
| 131 | E-S PLASTIC PRODUCTS INC. |
| 132 | FATHER FLANAGAN'S BOYS' HOME |
| 133 | FERRELL COMPANIES, INC. |
| 134 | FERRO CORP. |
| 135 | FISHER & COMPANY, INCORPORATED |
| 136 | FITCH, INC. |
| 137 | FIVE STAR DISTRIBUTING, INC. |
| 138 | FONTANESI & KAHN |
| 139 | FOREMOST FARMS USA |
| 140 | FOREST LABORATORIES, INC. |
| 141 | FLORIDA CHAMBER OF COMMERCE |
| 142 | FLORIDA GAS  TRANSMISSION COMPANY |
| 143 | FLO-TORK, INC. |

| | PLAN SPONSOR |
|---|---|
| 144 | FOX CITIES CHAMBER OF COMMERCE & INDUSTRY |
| 145 | FRANK W. KERR COMPANY |
| 146 | FREEPORT MCMORAN / PHELPS DODGE CORP. |
| 147 | GARDNER DENVER, INC. |
| 148 | GERLIN, INC. DBA CORE PIPE PRODUCTS, INC. |
| 149 | GENERAC |
| 150 | GENERAL MILLS |
| 151 | GEO CONSULTANTS, LLC |
| 152 | GHP OPERATING COMPANY LLC (GLOBAL HOME PRODUCTS) |
| 153 | GILLETTE / PROCTER & GAMBLE |
| 154 | GLENMARK INDUSTRIES INC. |
| 155 | GPD, INC. |
| 156 | GREAT PLAINS ENERGY INCORPORATED |
| 157 | GREATER BINGHAMTON CHAMBER OF COMMERCE |
| 158 | GREATER GREENVILLE CHAMBER OF COMMERCE |
| 159 | GREATER JACKSON CHAMBER PARTNERSHIP |
| 160 | GREATER LOUISVILLE INC. |
| 161 | GREATER NEW HAVEN CHAMBER OF COMMERCE |
| 162 | GREATER PROVIDENCE CHAMBER OF COMMERCE |
| 163 | GREATER RALEIGH CHAMBER OF COMMERCE |
| 164 | GREATER READING CHAMBER OF COMMERCE/INDUSTRY |
| 165 | GREATER SCRANTON CHAMBER OF COMMERCE |
| 166 | GREATER TAMPA CHAMBER OF COMMERCE |
| 167 | GREATER TOPEKA CHAMBER OF COMMERCE |
| 168 | GREATER WACO CHAMBER OF COMMERCE |
| 169 | GREATER WASHINGTON BOARD OF TRADE |
| 170 | GREEN DIAMOND RESOURCE COMPANY |
| 171 | GREEN THUMB LAWNSCAPING, INC. |
| 172 | GRINDMASTER CORPORATION |
| 173 | GROESBECK LUMBER & SPPLY, INC. |
| 174 | GZA GEOENVIRONMENTAL, INC. |
| 175 | H&S TOOLS INC. |
| 176 | HALEY & ALDRICH INC |
| 177 | HAPAQ-LLOYD |
| 178 | HAMPTON ROADS CHAMBER OF COMMERCE |
| 179 | HARRIS PUBLICATIONS, INC. |
| 180 | HARTFORD CHAMBER OF COMMERCE |

| | PLAN SPONSOR |
|---|---|
| 181 | HARVEY M. ROSE ASSOCIATES, LLC |
| 182 | HASBRO INC. |
| 183 | HAYES LEMMERZ / HLI OPERATING COMPANY, INC. |
| 184 | HEALTH INSURANCE PLAN OF GREATER NEW YORK |
| 185 | HEART CITY AUTOMOTIVE, INC. |
| 186 | HFI, LLC |
| 187 | HIGH-TECH INSTITUTE, INC. |
| 188 | HIP ADMINISTRATORS OF FLORIDA, INC. |
| 189 | HILTON HEAD ISLAND CHAMBER OF COMMERCE |
| 190 | HITACHI AMERICA LTD |
| 191 | HOME DEPOT, INC. |
| 192 | HORNBERGER, SHEEHAN, FULLER & BEITER, INC. |
| 193 | HORNER ELECTRIC INC. |
| 194 | HOSPIRA INC. |
| 195 | HOSPIRA PUERTO RICO LLC |
| 196 | HP HOOD LLC |
| 197 | HUDSON, POTTS & BERNSTEIN L.L.P. |
| 198 | HUGHES HUBBARD & REED LLP |
| 199 | HUHTAMAKI AMERICAS, INC. |
| 200 | IDEARC, INC. |
| 201 | INDIANA DIMENSION, INC. |
| 202 | INDUSTRIAL STEEL INC. |
| 203 | INFINITY SYSTEMS ENGINEERING, LLC |
| 204 | INFINITY TECHNOLOGY SERVICES, LLC |
| 205 | INTERACTIVE DATA |
| 206 | INTERMET CORP |
| 207 | INTERNATIONAL PAPER COMPANY |
| 208 | INTERPUBLIC GROUP OF COMPANIES (IPG) |
| 209 | IPSOS AMERICA, INC. |
| 210 | J. HORST MANUFACTURING CO. INC. |
| 211 | JEFFERSON CHEVROLET CO. |
| 212 | JETRO CASH & CARRY ENTERPRISES, LLC |
| 213 | JOHN BURNS CONSTRUCTION COMPANY |
| 214 | JOHNSON & QUIN, INC. |
| 215 | JOHNSTOWN AREA REGIONAL INDUSTRIES, INC. |
| 216 | JSJ CORPORATION |
| 217 | KALAMAZOO REGIONAL CHAMBER OF COMMERCE |

| | PLAN SPONSOR |
|---|---|
| 218 | KALIL BOTTLING CO. |
| 219 | KEARFOTT GUIDANCE & NAVIGATION CORPORATION |
| 220 | KEATING OF CHICAGO, INC. |
| 221 | KELLY SERVICES INC. |
| 222 | KEY TRONIC CORPORATION |
| 223 | KULICKE & SOFFA INDUSTRIES, INC. |
| 224 | KEY ENERGY SERVICES, INC. |
| 225 | KEYSPAN ENERGY CORPORATION / NATIONAL GRID USA |
| 226 | KOCH INDUSTRIES, INC. |
| 227 | L.W. BARRETT CO., INC. |
| 228 | LAMERS BUS LINES, INC. |
| 229 | LAN-CON, INC. |
| 230 | LEE ENTERPRISES INC. |
| 231 | LEMAN USA INC. |
| 232 | LIBBEY INC. |
| 233 | LIGGETT GROUP INC. |
| 234 | LINDE HOLDINGS, LLC |
| 235 | LINDE GROUP / BOC GROUP |
| 236 | LITTLE ROCK REGIONAL CHAMBER OF COMMERCE |
| 237 | LOCHMANDY MOTOR SALES, INC. |
| 238 | LOUISIANA ASSOCIATION OF BUSINESS & INDUSTRY |
| 239 | MAGNETEK, INC. |
| 240 | MARIAN, INC. |
| 241 | MCDONALD'S CORP. |
| 242 | MCKENZIE MEMORIAL HOSPITAL |
| 243 | MCWILLIAMS ELECTRIC COMPANY INC. |
| 244 | M-D BUILDING PRODUCTS, INC. |
| 245 | MDM SERVICES CORPORATION |
| 246 | MEADOWBROOK DODGE, INC |
| 247 | MEMPHIS AREA CHAMBER OF COMMERCE |
| 248 | MERCHANTS MUTUAL INSURANCE COMPANY |
| 249 | METAL-ERA, INC. |
| 250 | METROPOLITAN TULSA CHAMBER OF COMMERCE |
| 251 | MIAMI-LUKEN, INC. |
| 252 | MIAMI VALLEY RESEARCH FOUNDATION |
| 253 | MICHIGAN CORPORATE SERVICES, LLC |
| 254 | MICHIGAN MAPLE BLOCK COMPANY |

| | **PLAN SPONSOR** |
|---|---|
| 255 | MIKE RAISOR PONTIAC, INC. |
| 256 | MILLBROOK EMPLOYEE LEASING CORP. |
| 257 | MINDPEARL (US) INC. |
| 258 | MIRAMED GLOBAL SERVICES, INC. |
| 259 | MITSUBA BARDSTOWN, INC. |
| 260 | MITSUBISHI MOTORS NORTH AMERICA, INC. |
| 261 | MITTAL STEEL USA INC. / ARCELORMITTAL |
| 262 | MODERN DROP FORGE CO. |
| 263 | MOOG INC. |
| 264 | MOORE FUNERAL HOME INC. |
| 265 | MOVADO GROUP INC. |
| 266 | NATIONAL DISTRIBUTING COMPANY, INC. |
| 267 | NATIONAL HEALTH SYSTEMS INC. |
| 268 | NATIONAL TANK COMPANY |
| 269 | NAVISTAR |
| 270 | NCL (BAHAMAS) LTD. D/B/A NCL |
| 271 | NEFF ENGINEERING CO, INC. |
| 272 | NETWORK EQUIPMENT TECHNOLOGIES INC. |
| 273 | NEWARK REGIONAL BUSINESS PARTNERSHIP |
| 274 | NEW CENTURY FINANCIAL CORP. |
| 275 | NEWPORT SERVICE CORP |
| 276 | NFT INCORPORATED |
| 277 | NORTHERN KENTUCKY CHAMBER OF COMMERCE |
| 278 | NOVARTIS / CIBA-GEIGY CORP. |
| 279 | NIBLOCK EXCAVATING, INC. |
| 280 | NORTH COAST DISTRIBUTING, INC. |
| 281 | NORTH COUNTRY MOBILE HOMES, INC. |
| 282 | ODESSA CHAMBER OF COMMERCE |
| 283 | ODESSA CHAMBER OF COMMERCE PROFIT SHARING |
| 284 | ODIN, FELDMAN, & PITTLEMAN, P.C. |
| 285 | O'DONNELL WICKLUND PIGOZZI AND PETERSON INC. |
| 286 | OKLAHOMA STATE CHAMBER OF COMMERCE |
| 287 | OLD DOMINION |
| 288 | OLMARC PACKAGING COMPANY |
| 289 | OLYMPUS CORPORATION OF THE AMERICAS |
| 290 | ORCHARD FIRST SOURCE CAPITAL, INC. |
| 291 | OREGON ANESTHESIOLOGY GROUP, P.C. |

| | PLAN SPONSOR |
|---|---|
| 292 | PACIFIC WESTERN TECHNOLOGIES, LTD. |
| 293 | PACKAGING CORPORATION OF AMERICA (PCA) (HOURLY) |
| 294 | PACKAGING CORPORATION OF AMERICA (PCA) (SALARIED) |
| 295 | PARAGON COMPUTER PROFESSIONALS, INC. |
| 296 | P-COR, LLC |
| 297 | PDC FACILITIES, INC. |
| 298 | PEARSON,  INC. |
| 299 | PENSION PLAN OF THE GOVERNMENT EMPLOYEES HOSPITAL ASSOCIATION INC. |
| 300 | PENTON LEARNING SYSTEMS, L.L.C. |
| 301 | PEROT SYSTEM CORP. |
| 302 | PETERSEN ALUMINUM CORPORATION |
| 303 | PIPEFITTERS LOCAL NO. 636 |
| 304 | POLSINELLI SHALTON WELTE SUELTHAUS P.C. |
| 305 | PRECISION CONTROL SYSTEMS OF INDIANAPOLIS, INC. |
| 306 | PRINT AND CONVERTING RESOURCES, LLC |
| 307 | PROCTER & GAMBLE CO. |
| 308 | PROCTER & GAMBLE SUBSIDIARIES |
| 309 | PROFESSIONAL PROJECT SERVICES, INC. |
| 310 | PROFESSIONAL X-RAY CENTER PC |
| 311 | R.A.P.E.L. INC. |
| 312 | RAIA PROPERTIES CORPORATION |
| 313 | REED & BARTON CORPORATION |
| 314 | RELIANCE GEAR CORPORATION |
| 315 | REPUBLIC NATIONAL DISTRIBUTING COMPANY |
| 316 | RESCAR COMPANIES |
| 317 | REYNOLDS & REYNOLDS |
| 318 | RICHMOND METROPOLITAN CONVENTION & VISITORS |
| 319 | ROBERT BOSCH |
| 320 | ROCK & BORGELT P.C. |
| 321 | ROGERS BROTHERS, INC. |
| 322 | ROHR-TIPPE MOTORS, INC. |
| 323 | ROPES & GRAY LLP |
| 324 | ROSE PRINTING SERVICES, INC. |
| 325 | ROTHBERG, LOGAN AND WARSCO LLP |
| 326 | ROWLAND DESIGN, INC. |
| 327 | ROY O. MARTIN LUMBER COMPANY, LLC |

| | PLAN SPONSOR |
|---|---|
| 328 | RUSSELL STOVERS CANDIES, INC. |
| 329 | RYDER SCOTT CO. L.P. |
| 330 | S.E.L., INC. |
| 331 | SAFETY AND ECOLOGY CORPORATION |
| 332 | SAFETY VISION, L.P. |
| 333 | SALINA AREA CHAMBER OF COMMERCE |
| 334 | SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT |
| 335 | SANTA CLARA CHAMBER OF COMMERCE |
| 336 | SCHIFF NUTRITION GROUP, INC. |
| 337 | SCHWARZ PAPER COMPANY |
| 338 | SCHWAN SHARED SERVICES, LLC |
| 339 | SCOTTSDALE CONVENTION & VISITORS BUREAU |
| 340 | SHAW ENVIRONMENTAL, INC. |
| 341 | SHREVEPORT CHAMBER OF COMMERCE |
| 342 | SEARLES VALLEY MINERALS |
| 343 | SELECT INTERNATIONAL CORP. |
| 344 | SEMITOOL, INC. |
| 345 | SHAKLEE CORPORATION |
| 346 | SIEMANS PERSONNEL, LLC |
| 347 | SIMPSON INVESTMENT COMPANY |
| 348 | SKAFF CARPET AND FURNITURE CO. |
| 349 | SOUTHERN UNION COMPANY |
| 350 | SPERION CORPORATION |
| 351 | SPOKANE REGIONAL CHAMBER OF COMMERCE |
| 352 | SPRINGFIELD AREA CHAMBER OF COMMERCE |
| 353 | SPRINGFIELD CONVENTION & VISITORS BUREAU, INC |
| 354 | SPRINGS INDUSTRIES INC. |
| 355 | SPRINGS WINDOW FASHIONS, LLC |
| 356 | SR. CARE CENTERS MANAGEMENT, LLC |
| 357 | SSW HOLDING COMPANY, INC. |
| 358 | ST. LANDRY PARISH SOLID WASTE DISPOSAL DISTRICT |
| 359 | ST. LOUIS REGIONAL CHAMBER & GROWTH ASSOC |
| 360 | ST. JUDE MEDICAL, INC. |
| 361 | STANDARD MOTOR PRODUCTS, INC. |
| 362 | STANDARD PACIFIC CORP |
| 363 | STARK DEVELOPMENT BOARD |

| | **PLAN SPONSOR** |
|---|---|
| 364 | STAR MARKETS, LTD. |
| 365 | STATE BANK OF LIZTON |
| 366 | STEEL TECHNOLOGIES, INC. |
| 367 | STERLING HEIGHTS DODGE INC. |
| 368 | SUMMIT MEDICAL GROUP |
| 369 | SUPREME MACHINED PRODUCTS CO. INC. |
| 370 | SUSQUEHANNA PFALTZGRAFF CO. |
| 371 | SWISS INTERNATIONAL AIRLINES, LTD. |
| 372 | SWISS RE AMERICA HOLDING CORP. |
| 373 | SYNERGIS TECHNOLOGIES GROUP |
| 374 | SYPRIS SOLUTIONS, INC. |
| 375 | TACOMA-PIERCE COUNTY CHAMBER OF COMMERCE |
| 376 | TAYLOR CORP. INC. |
| 377 | TAYLOR, PORTER, BROOKS, & PHILLIPS LLP |
| 378 | TERREBONNE MOTOR COMPANY, INC. |
| 379 | TETRA TECH, INC. |
| 380 | TEXAS ENERGY ENGINEERS, INC. |
| 381 | TFE, INC. |
| 382 | TGW-ERMANCO INC. |
| 383 | THE BUSINESS COUNCIL OF FAIRFIELD COUNTY |
| 384 | THE CHAMBER, DAYTONA BEACH & HALIFAX AREA |
| 385 | THE FITZPATRICK COMPANY |
| 386 | THE L.D. KICHLER CO. |
| 387 | THE LOXCREEN COMPANY, INC. |
| 388 | THE MAYER ELECTRIC SUPPLY CO., INC |
| 389 | THE MERCO GROUP, INC. |
| 390 | THE NPD GROUP, INC. |
| 391 | THERMATOOL CORPORATION |
| 392 | TIMKEN CO. (SALARY) |
| 393 | TIMKEN CO. (UNION) |
| 394 | TITAN INTERNATIONAL INC. |
| 395 | TOSHIBA TUNGALOY AMERICA, INC. |
| 396 | TRACHTE INC. |
| 397 | THETA TECHNOLOGIES, INC. |
| 398 | THE TRANZONIC COMPANIES |
| 399 | TREDEGAR CORPORATION |
| 400 | TREE TOP, INC. |

| | PLAN SPONSOR |
|---|---|
| 401 | TRIVEST SERVICE CORPORATION |
| 402 | TRUSSAL AND COMPANY |
| 403 | TS TECH HOLDING CO. |
| 404 | UNITED BUSINESS MEDIA |
| 405 | UNITED MINE WORKERS OF AMERICA (UMWA) |
| 406 | UNITED STATES BRASS & COPPER |
| 407 | URS GROUP, INC. |
| 408 | USG CORP. |
| 409 | UTILITIES INC. |
| 410 | VALASSIS |
| 411 | VENTURE ENCODING SERVICE, LLC |
| 412 | VERITAS |
| 413 | VIASAT, INC. |
| 414 | VIJUK EQUIPMENT, INC. |
| 415 | VULCAN IRON WORKS |
| 416 | WALNUT CREEK CHAMBER OF COMMERCE |
| 417 | WASTREN, INC. |
| 418 | WESKEM, LLC |
| 419 | WHITE HOUSE MANUFACTURING CORP. |
| 420 | WILLIAMSBURG AREA CHAMBER OF COMMERCE |
| 421 | WILLIAMS FORM ENGINEERING CORPORATION |
| 422 | WILSON ELECTRIC COMPANY |
| 423 | WILSONS THE LEATHER EXPERTS |
| 424 | WINNEBAGO COLOR PRESS, INC. |
| 425 | WINNEBAGO INDUSTRIES, INC. |
| 426 | WINSTON HEAT TREATING, INC. |
| 427 | WORLD BANK |
| 428 | WSMS MID-AMERICA, LLC |
| 429 | WSMS-MK, LLC |
| 430 | YOKEM MOTORS, INC. |
| 431 | YORK COUNTY CHAMBER OF COMMERCE |
| 432 | YORK COUNTY ECONOMIC DEVELOPMENT |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

# Notice of Class Action Settlement and Fairness Hearing

**If you are a participant or beneficiary of your employer's 401(k) retirement savings plan through which you invested in certain JPMorgan stable value funds, you may qualify for a payment from this class action settlement. This Notice is directed to participants who must file the enclosed proof of eligibility claim form because without your completed claim form, the Settlement Administrator will not have the necessary information to process your claim. If your employer's 401(k) plan is listed at the end of this Notice as a plan for which the Settlement Administrator lacks participant information, you are required to submit a claim form to receive a settlement distribution.**

*The Court has authorized this notice. This is not a solicitation from a lawyer. Neither you nor your retirement plan is being sued.*

**I.      PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY**

The purpose of this Notice is to inform you the Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action brought by certain individuals whose 401(k) plan accounts included investments in the JPMorgan stable value funds. The action is entitled *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, case no. 12-CV-2548 (the "Action"), currently pending before the Honorable Vernon S. Broderick of the United States District Court for the Southern District of New York (the "Court"). The Court has given its preliminary approval to the Settlement.  You should read this notice carefully, because your legal rights are affected whether you act or do not act.

The Plaintiffs brought the Action alleging violations of the Employment Retirement Income Security Act ("ERISA"), concerning the way Defendants JPMorgan Chase & Co. and other JPMorgan entities ("Defendants" or "JPMorgan") managed the Class Members' 401(k) plan investments that were allocated to certain JPMorgan stable value funds.

**Exhibit 8**

JPMorgan denies all claims, and nothing in the Settlement is an admission or concession on JPMorgan's part of any fault or liability whatsoever.

In its March 31, 2017, Memorandum Opinion and Order, the Court certified a class and three subclasses of individuals who were participants or beneficiaries in their employer's 401(k) plans and had some of their investments allocated to a stable value fund managed by JPMorgan during the class periods. (The definition of the class and the class periods is set forth below in Section II, "Definition of the Class.")  The names of the 401(k) plans through which Class Members allocated retirement assets to JPMorgan stable value funds are listed in Attachment 1 to this Notice.[1]  Please review Attachment 1 and its instructions to see what kind of claim form you need to file.  If you have any question about how to proceed, call the Settlement Administrator, provide the name of your employer or former employer's 401(k) plan and ask if you need to file a claim form.  There are two types of claim forms: (1) the Former Participant Claim Form for participants in 401(k) plans for which the Settlement Administrator has sufficient participant data, and (2) the Proof of Eligibility Claim Form (enclosed as Attachment 2) for participants in 401(k) plans for which the Settlement Administrator does not have sufficient data.

A.    **The Settlement**

As part of the Settlement, a fund of $75,000,000 (the "Settlement Amount") has been established to resolve the Action.  From that $75,000,000 will first be paid any administrative expenses, taxes, tax expenses, Court-approved attorneys' fees and costs, Class Representative service awards, and other approved expenses of the litigation.  Then, the remaining Settlement Amount (called the "Net Settlement Amount") will be allocated to Class Members according to

---

[1] Attachment 1 lists the plans which, according to information available at the time of the Settlement, offered a JPMorgan stable value fund during the class period.  The plans identified on Attachment 1 may change based on the subsequent investigation of the parties.

the Plan of Allocation to be approved by the Court. Shortly after the Court preliminarily approved the Settlement, JPMorgan deposited the $75,000,000 Settlement Amount in an interest-bearing Qualified Settlement Fund. Upon final approval of the Settlement by the Court, the interest accrued on the Settlement Fund will be added to the Settlement Amount in order to benefit the Class.

**You must return a claim form by _____ to participate in the Settlement. (See answer to Question No. 6 below for more information.)**

### B.    Statement of Attorneys' Fees and Costs in the Class Action

Co-Lead Class Counsel, and the firms assisting them, have devoted many hours to bringing this case and pursuing it for the past five-and-a-half years. During that time, they also have advanced costs for expert consulting services, substantial investigation, intensive document analysis, and other costs necessary to pursue the case. Co-Lead Class Counsel's motion for class certification was granted by the Court on March 31, 2017. Co-Lead Class Counsel successfully defended JPMorgan's petition for an immediate appeal of the Class Certification Order, which the Second Circuit denied. Co-Lead Class Counsel engaged in substantial investigation and analysis of the law and facts concerning the Action in opposing JPMorgan's motion for summary judgment. This work resulted in the monetary benefits provided in the Settlement. Co-Lead Class Counsel took the risk of litigation and have not been paid for any of their time or reimbursed for any of the costs that they have incurred during the more than five years that the Action has been pending before the Court. Co-Lead Class Counsel also have agreed to undertake the additional risk of paying some of the administrative costs of the settlement process if the Settlement is not approved.

Co-Lead Class Counsel will apply to the Court for payment of attorneys' fees and costs for their work in the case. Co-Lead Class Counsel will request fees not to exceed one-third of the $75,000,000 Settlement Amount and will request reimbursement of litigation costs not to exceed

$1,750,000. Any attorneys' fees and costs awarded by the Court to Co-Lead Class Counsel will be paid from the Qualified Settlement Fund. Co-Lead Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the Net Settlement Amount.

As is customary in class action cases in which the Class Representatives have spent time and effort on the litigation, Co-Lead Class Counsel also will ask the Court to approve Service Award payments, not to exceed $20,000, for each of the 12 Class Representatives who took on the risk of litigation, provided discovery, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual development of the Action.

## II.     DEFINITION OF THE CLASS

You are deemed to be part of the Class and a participant in this Action if you fit into one or more of the class or subclass definitions below, unless you expressly exclude yourself from the Class in writing. (See answer to Question No. 8 below.)

By order dated March 31, 2017, the Court certified this case to proceed on behalf of a class defined as follows:

> All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in any JPM Stable Value Fund that invested in the JPM Intermediate Bond Fund and/or the Intermediate Public Bond Fund between January 1, 2009 and December 31, 2010 and whose stable value fund investment performance underperformed the Hueler index or similar objective benchmark. Excluded from the Class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

In addition, the Court certified three subclasses. The first certified subclass—the "SAIF Subclass"—is defined as follows:

All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in the JPM Stable Asset Income Fund ("SAIF") from between January 1, 2009 and December 31, 2010 and whose stable value fund investment underperformed the Hueler Index or similar objective benchmark. Excluded from the Class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The second certified subclass—the "ACSAF/JP Morgan Stable Value Fund Subclass"—

has a class period that begins on September 17, 2007. The ACSAF/JP Morgan Stable Value Fund

Subclass is defined as follows:

All participants of ERISA plans, as well as beneficiaries of those plans, who were invested directly or indirectly in the American Century Stable Asset Fund [("ACSAF")] immediately before JPMAM took over the Fund and received its assets in the ACSAF/JPM Stable Value Fund on or about September 17, 2007 and continuing to December 31, 2010, and whose stable value fund investment underperformed the Hueler Index or similar objective benchmark. Excluded from the class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The third certified subclass—the "Caterpillar Subclass"—is defined as follows:

All participants of the Caterpillar Plan, as well as beneficiaries of those plans, who were invested directly or indirectly in JPM's Caterpillar Stable Principal Fund or any other JPM Stable Value Fund that invested in the Intermediate Bond Fund and / or the Intermediate Public Bond Fund between January 1, 2009 and December 31, 2010 and whose stable value fund investment performance underperformed the Hueler index or similar objective benchmark. Excluded from the class are the jurists to whom this case is assigned, as well as their respective staffs; counsel who appear in this case, as well as their respective staffs, including experts they employ; the Defendants in this matter, as well as their officers and directors; any person, firm, trust, corporation, officer, director, or other individual or entity in which a Defendant has a controlling interest or that is related to or affiliated with any of the

Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.

The "objective benchmark" referenced in each of these definitions will be the Lehman Brothers Intermediate Aggregate Index (later renamed the Barclays Intermediate Aggregate Index) (hereafter the "Lehman/Barclays Intermediate Aggregate Index" or the "Benchmark").

## 1. Why Did I Receive This Settlement Notice?

You received this Notice because (1) records received by Class Counsel show that you may have been a participant or beneficiary in a 401(k) plan and that your 401(k) plan account may have included investments in a JPMorgan stable value fund, and you therefore may be part of the Class or one of the Subclasses, as explained above; or (2) you requested this Notice through the Settlement Website because you may be part of the Class or one of the Subclasses, as explained above.

## 2. What Is The Class Action About?

In this Class Action, Plaintiffs principally allege that Defendants violated ERISA in two fundamental ways. First, Plaintiffs allege that JPMorgan managed Plaintiffs' investments imprudently in violation of JPMorgan's fiduciary duties, by causing its stable value funds to invest in two other JPMorgan funds, the Intermediate Bond Fund ("IBF") and the Intermediate Public Bond Fund ("IPBF"), which, in turn, invested in risky, highly leveraged assets, including, among other things, mortgage-related assets. Second, Plaintiffs allege that certain Defendants, as fiduciaries for the relevant plans and their participants and beneficiaries, breached their obligations under ERISA to comply with the duties of prudence and diversification and to discharge their duties solely in the interests of plan participants and beneficiaries, and for the exclusive purpose of providing benefits to the plan participants and beneficiaries. Plaintiffs also claim that certain Defendants engaged in transactions prohibited by ERISA, and the ACSAF/JPM Stable Value Fund Subclass Plaintiffs make additional claims against all Defendants for engaging in transactions prohibited by ERISA.

While none of the Plaintiffs or Class Members lost any of the money they invested in JPMorgan stable value funds, the Plaintiffs alleged that they were damaged because the investment return paid to Class Members would have been greater if the funds had been prudently managed.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives. Defendants deny that they are liable at all to the Class, and that the Class has suffered any harm or damage for which Defendants could or should be held responsible. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever.

## 3. Why Is There A Settlement?

The Court has not reached a final decision on the merits of the Class Representatives' claims. Instead, a majority of the Class Representatives (the "Settling Class Representatives") and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Co-Lead Class Counsel and Defendants' counsel and an in-person mediation session with a private mediator, followed by months of further negotiation. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement.

[Objectors' Proposal - Four of the twelve Class Representatives do not approve of the settlement. Those four Class Representatives are represented by Philip Greenfield and Kirk May, German May PC, 1201 Walnut Street, 20th Floor, Kansas City, MO, 816-471-7700, www.germanmay.com.]

## 4. What Does The Settlement Provide?

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants, as defined on pages 2-3 above. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing plan accounts in accord with their current investment elections.  Allocations to Former Participants who are entitled to a distribution under the Plan of Allocation will made by check mailed to their last known address or, if available and they so elect, as a rollover to a qualified retirement account.

In return for payment to the Class of the $75,000,000 Settlement Amount, all Class Members will fully release the Defendants and the Released Parties from the Released Claims. The Released Parties include Defendants, any related entities, as well as any past attorneys and agents. The Released Claims include (but are not limited to) the following:

- All claims that were or could have been asserted in the Action, or that did or could arise out of the conduct alleged in the complaints filed in the Action.

- All claims that relate to any JPMorgan stable value fund investments, the holdings of any stable value fund investments, or disclosures regarding any stable value investments.

- All claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Fund pursuant to the Plan of Allocation.

This is only a summary of the Released Parties and Released Claims and is not a binding description of either. The governing releases are found within the Settlement Agreement at www.jpmsvfclassaction.com. Generally, the release means that Class Members will not have the right to sue the Defendants or related parties for conduct during the Class Period arising out of or relating to the allegations in the Action.

The entire Settlement Agreement is available at www.jpmsvfclassaction.com.

## 5. How Much Will My Distribution Be?

Because Class Counsel may not have received sufficient data from your employer's 401(k) plan, please review Attachment 1 and its instructions to see what kind of claim form you need to file. If you need to submit a Proof of Eligibility Claim Form, attached as Attachment 2 to this Notice, the amount, if any, that will be allocated to you will be based upon your Proof of Eligibility Claim Form and records, if any exist, that you provide from your 401(k) plan account. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be: (1) a member of the Class or one of the Subclasses, as defined in Section II above, who submitted a complete and satisfactory claim form by the deadline; or (2) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

Under the proposed Plan of Allocation, the Net Settlement Amount will be divided among all Class Members based upon the underperformance, if any, of each Class Member's JPMorgan stable value investment compared to the Lehman/Barclays Intermediate Aggregate Index. At the Fairness Hearing, the Court will be asked to approve this calculation process as part of the Plan of Allocation.

To make this allocation, the Settlement Administrator will first calculate the Individual Underperformance Amounts by comparing the underperformance, if any, of the JPM Stable Value Funds by comparing the crediting rate of the Plans the participants invested in, with a crediting rate derived from the Benchmark. If the calculation shows that a Plan did not experience any underperformance compared to the Benchmark then the participants in those Plans are not by definition Class Members because they did not suffer from any underperformance damages. For those Plans that experienced underperformance the second step will be for the Settlement Administrator to calculate the Individual Underperformance Amounts as the total dollar value amount by which each participant's individual investment in JPM Stable Value Funds underperformed the Benchmark during the relevant time periods. The specific method for calculating these amounts is detailed in the Settlement Agreement's Plan of Allocation. The sum of all Individual Underperformance Amounts is defined to be the "Total Underperformance Amount."

Once the Underperformance Amounts have been calculated, each Class Member's payment will be calculated by multiplying the Net Settlement Amount by the ratio of that Class Member's Individual Underperformance Amount to the Total Underperformance Amount. This will allow each individual Class Member to receive an allocation from the Net Settlement Amount proportional to the underperformance of his or her stable value investment compared with the underperformance of other Class Members' investments (all other things being equal). Plan of Allocation examples are available on the website, www.jpmsvfclassaction.com.

Class Counsel and the Settlement Administrator must review information that you provide from your 401(k) plan account to determine whether your investments in JPMorgan stable value funds underperformed as compared to the Benchmark. Any information Class Counsel obtains will be treated confidentially under the Protective Order entered by the Court in this Action and will be used solely for purposes of determining if you are a Class Member entitled to payment under the terms of the Settlement.

**If you need to submit a Proof of Eligibility Claim Form and cannot, to the best of your knowledge and belief, state on the Claim Form accompanying this Notice that you invested through your employer's 401(k) plan in a JPMorgan stable value fund investment offering at some point during the period January 1, 2009 through December 31, 2010, then you will not receive a distribution from the Settlement.** Provided your claim is timely and you can swear that you were invested in a JPMorgan stable value fund during the class period, but where you no longer have records showing the balance in your JPMorgan stable value fund investment from your 401(k) plan account or cannot estimate the amounts of your investment in the class period, the Settlement Administrator will award you one-half of the average class member award for participants from plans where balance information was available, or where the Settlement Administrator acquires data bearing on the claim, in its discretion it may use the data to determine the amount of the distribution if any.

## 6. How Can I Receive My Distribution?

Because the Settlement Administrator may not have sufficient information from your employer's 401(k) plan, you may need to submit a claim form to determine eligibility for a Settlement distribution.  Please review Attachment 1 and its instructions to see what kind of claim form you need to file. **In order to receive your distribution if you are eligible for one, you must return a valid and timely claim form received by the Settlement Administrator no later than Month 00, 0000. A Proof of Eligibility Claim Form is enclosed with this Notice as Attachment 2**.

## 7. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount is conditioned on several events, including the Court's final approval of the Settlement and that approval being no longer subject to any appeal in any court. If there is an appeal of the final approval, it may take several years to resolve and the distribution of the Net Settlement Amount will be delayed until that process is complete. If the Settlement is approved by the Court, and there are no appeals, distribution of the Net Settlement Amount likely will occur in 2019.

**Separately, there are provisions in the Settlement Agreement that allow the parties to terminate the Settlement under specific conditions.  There will be no payments under the Settlement if the Settlement Agreement is terminated.**

**There will be no payment to you if the Settlement Administrator determines that (1) you did not invest in a 401(k) plan; (2) you did invest in a 401(k) plan, but the plan did not invest in the JPMorgan stable value investments; or (3) your individual JPMorgan stable**

**value investment did not suffer any Underperformance Amount when measured against the Benchmark.**

**If the amount you are allocated is less than the amount of the reasonable direct costs of processing and delivering your payment then no distribution will be made to you. For example, if your allocation is less than $5 and the reasonable direct costs of processing the payment and delivery are greater than $5, you would not be eligible to receive any payment under the Settlement.**

## 8. Can I Get Out Of The Settlement?

Yes, you have the right to exclude yourself from the Class and give up the right to your share of the Settlement Amount. Note: if you exclude yourself from the Class, you may not have a right to bring your own lawsuit due to ERISA's six-year statute of repose. Class Counsel is of the opinion that ERISA's six-year statute of repose bars you from bringing your own lawsuit. You may consult your own lawyer to get advice on this issue at your own expense.

If you ask to be excluded, you won't have a right to receive a payment from the Settlement. You will also not be bound by any judgment of the Court or the terms of the Settlement Agreement, including the release of your potential claims. However, under the United States Supreme Court's ruling in *California Public Employees' Retirement System v. ANZ Securities Inc.*, No. 16-373, 582 U.S.__ (2017), your rights to prosecute any individual claims against the Defendants arising out of these transactions may have already expired due to ERISA's six-year statute of repose.

To ask to be excluded from this proceeding, you must send an "Exclusion Request" by letter, expressly stating that you want to be excluded from the Class in *In re: J.P. Morgan Stable Value Fund ERISA Litigation.* Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request, postmarked by Month 00, 0000, to the Settlement Administrator at the following address:

JPM Stable Value Fund Litigation
c/o JND Class Action Administration
P.O. Box 91304
Seattle, WA 98111

## 9. Do I Have A Lawyer In The Case?

The Court has appointed The Law Offices of Michael M. Mulder and Schneider Wallace Cottrell Konecky Wotkyns LLP to represent the Class as Co-Lead Class Counsel. Co-Lead Class Counsel are working jointly with and being assisted by the law firms of Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A; and Peiffer Rosca Wolf Abdullah Carr & Kane, APLC. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10. How Will The Lawyers Be Paid?

Co-Lead Class Counsel will file a petition for the award of attorneys' fees and costs. This petition will be considered at the Fairness Hearing. Co-Lead Class Counsel has agreed to limit their application for an award of attorneys' fees and costs to not more than $25,000,000 in fees and $1,750,000 in costs. The Court will determine what fees and costs will be approved.

## 11. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-cv-02548. Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be mailed to each of the following addressees and received by the Court no later than XXXXXXX, 2019.

| THE COURT | CLASS COUNSEL | [Objectors' Proposal – COUNSEL FOR FOUR CLASS REPRESENTATIVES |
|---|---|---|
| Clerk of the Court United States District Court Southern District of New York, Daniel Patrick Moynihan United States Court House 500 Pearl Street, New York, New York 10007 | Schneider Wallace Cottrell Konecky Wotkyns LLP Attn: JPM Stable Value Fund ERISA Litigation 2000 Powell Street, Suite 1400 Emeryville, California 94608 counsel@jpmsvfclassaction.com Tel: 1-844-877-5925 | German May PC 1201 Walnut Street 20th Floor Kansas City, MO 64106 Attn: JPM Stable Value Fund ERISA Litigation] |

## 12. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at the U.S. District Court, 500 Pearl Street, New York, NY 10007. The Court has not yet scheduled the specific day and time of that hearing, but under the terms of the Settlement Agreement, it will occur after _____, 20__. When the Fairness Hearing is scheduled by the Court, information regarding the hearing will be posted on the website for the Settlement at www.jpmsvfclassaction.com.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections by Class Members, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's attorneys' fees and costs and any service awards to Class Representatives.

## 13. Do I Have To Attend The Fairness Hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you have timely objected, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

## 14. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *In re: J.P. Morgan Stable Value Fund ERISA Litigation*, Case No. 12-cv-02548." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to Class Counsel [Objectors' Proposal - and Counsel For Four Class Representatives] and filed with the Clerk of the Court no later than **XXXXX, 2019.** (Your notice must be mailed to each of the addressees listed in the answer to Question No. 11).

Please note that only Class Members may speak at the Fairness Hearing. If you have chosen to exclude yourself from the Settlement, you are no longer a member of the Settlement Class and may not speak at the Fairness Hearing.

## 15. What Happens If I Do Nothing At All?

If you are a Class Member, and you do nothing, you will be bound by the Settlement as described above in this Settlement Notice if the Settlement is finally approved, **BUT YOU WILL NOT RECIEVE ANY MONEY. THE ONLY WAY TO RECEIVE ANY MONEY IS TO FILE A CLAIM FORM NO LATER THAN XXXX, 2019**. (See Question No. 6.)

## 16. How Do I Get More Information?

This Settlement Notice does not fully describe all of the claims, defenses, or contentions of the parties. If you have questions about this Notice or the Action, please do not contact the Court. If you have questions regarding the Settlement, you can call Class Counsel at 1-844-877-5925, email Class Counsel at counsel@jpmsvfclassaction.com, [Objectors' Proposal - call Counsel For Four Class Representatives at 816-471-7700, email Counsel For Four Class Representatives at philg@germanmay.com or kirkm@germanmay.com,] call the Settlement Administrator at 1-844-877-5911, write to the Settlement Administrator at JPM Stable Value Fund Litigation c/o JND Class Action Administration, P.O. Box 91304, Seattle, WA 98111, or go to the following website: www.jpmsvfclassaction.com where you will find the Court's order certifying the Class, the Plaintiffs' Consolidated and Amended Complaint, the Defendants' Answer to the Consolidated and Amended Complaint, the Settlement Agreement, and information regarding the day, time, and location of the Fairness Hearing once it has been scheduled by the Court. Other filings with the Court and information regarding the Settlement are also available online [Objectors' Proposal - or from the counsel noted above.].

12

Dated: _____, 2018

_____

BY THE ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

## ATTACHMENT 1:
## LIST OF PLANS REQUIRING ADDITIONAL INFORMATION

## INSTRUCTIONS:

- Identify the 401(k) Plan you invested in from table below. Please note the plans listed are only the plans where the Settlement Administrator has no information or may have insufficient information to determine a participant's eligibility for a distribution from the Settlement.
- If you find the 401(k) plan you invested in at any time from 2009 through 2010 in the table below, you need to submit a Proof of Eligibility Claim Form (Attachment 2).
- If you do not see your plan in the table below, go to the Settlement Website to find the complete list of employer 401(k) plans involved in this case.
- If you are not sure of what to do, you should call the Settlement Administrator at 1-844-877-5911.

| | |
|---|---|
| 1. | 1888 Mills, LLC |
| 2. | A.A. Anderson Co., Inc. |
| 3. | Aggreko, LLC |
| 4. | Ajax Paving, Inc. |
| 5. | Ajax Paving of Florida, Inc. |
| 6. | American Civil Constructors, Inc. |
| 7. | Angelo Iafrate Construction Co |
| 8. | Angelo's Aggregate Materials, Ltd. |
| 9. | Anna Trucking L.L.C. |
| 10. | Area Energy & Electric, Inc. |
| 11. | Arizona Chemical Company |
| 12. | Arlington Metals Corporation |
| 13. | Audio Authority Corporation |
| 14. | Augusta Newsprint Company |
| 15. | Badgerland Supply. Inc. |
| 16. | Baesman Printing Corporation |
| 17. | Bank of Commerce |
| 18. | Bank of Commerce & Trust Company |
| 19. | Beechmont Press, LLC |
| 20. | Bell Corp. |
| 21. | Benesys, Inc. |
| 22. | Bernard, Cassisa, Elliott and Davis APLC |
| 23. | Bigston Corporation |

1

| 24. | Brook Furniture Rental Inc. |
| 25. | Bunn-O-Matic Corporation |
| 26. | Carr, Inc. |
| 27. | Cincinnati Tool Steel Company |
| 28. | Clasen Quality Coatings, Inc. |
| 29. | Cole Hardwood Inc. |
| 30. | Conning & Company |
| 31. | Cooperative Regions of Organic Producer Pools Cooperative, Inc. (CROPP) |
| 32. | DACO Incorporated |
| 33. | Dasco Pro Inc. |
| 34. | Dental Arts Lab |
| 35. | Detroit Legal News Company |
| 36. | Dick Barker Inc. |
| 37. | Direct General Corporation |
| 38. | Don R. Fruchey, Inc. |
| 39. | Dott, Inc. |
| 40. | Dowco Inc. |
| 41. | E&T Plastics |
| 42. | E.D. Bullard Company |
| 43. | Elkhart Brass Manufacturing |
| 44. | Enercon Engineering, Inc. |
| 45. | E-S Plastic Products Inc. |
| 46. | Fasig-Tipton |
| 47. | Frank W. Kerr Company |
| 48. | Gerlin, Inc. dba Core Pipe Products, Inc. |
| 49. | Glenmark Inc. |
| 50. | GPD Inc |
| 51. | Green Thumb Lawnscaping, Inc. |
| 52. | Grindmaster Corporation |
| 53. | Harvey M. Rose Associates, LLC |
| 54. | HFI, LLC |
| 55. | High-Tech Institute, Inc. - Anthem Education Group 401(K) Plan (High Tech) |
| 56. | Hornberger, Sheehan, Fuller & Beiter, Inc. |
| 57. | Horner Electric Inc. |
| 58. | Hudson, Potts & Bernstein |
| 59. | Indiana Dimension, Inc. |
| 60. | Industrial Steel Inc. |
| 61. | Infinity Systems Engineering, LLC |

2

| 62. | Infinity Technology Services, LLC |
| 63. | J. Horst Manufacturing Co. Inc. |
| 64. | Jetro Cash & Carry , LLC |
| 65. | John Burns Construction Company |
| 66. | Johnson & Quin, Inc. |
| 67. | Kalil Bottling Co. |
| 68. | Keating of Chicago, Inc. |
| 69. | Kriete Group |
| 70. | Lamers Bus Lines, Inc. |
| 71. | Leman USA Inc. |
| 72. | Linde Holdings, LLC |
| 73. | Lochmandy Motor Sales, Inc. |
| 74. | Marian, Inc. |
| 75. | McKenzie Memorial Hospital |
| 76. | McWilliams Electric Company Inc. |
| 77. | Meadowbrook Dodge, Inc |
| 78. | Metal-Era, Inc. |
| 79. | Miami-Luken, Inc. |
| 80. | Michigan Maple Block Company |
| 81. | Mike Raisor Pontiac, Inc. |
| 82. | Millbrook Employee Leasing Corp. |
| 83. | Mindpearl (US) Inc. |
| 84. | MiraMed Global Services, Inc. |
| 85. | Mitsuba Bardstown, Inc. |
| 86. | Moore Funeral Home Inc. |
| 87. | National Health Systems Inc. - Hill Group Retirement Plan |
| 88. | Neff Engineering Co, Inc. |
| 89. | Newman Equipment |
| 90. | New Century Financial corp. |
| 91. | Newport Service Corp |
| 92. | North Country Mobile Homes, Inc. |
| 93. | Odin, Feldman, & Pittleman |
| 94. | Olmarc Packaging Company |
| 95. | Orchard First Source Capital, Inc. |
| 96. | Paragon Computer Professionals, Inc. |
| 97. | PDC Facilities, Inc. |
| 98. | PDS |
| 99. | Penton Learning Systems, L.L.C. |

| 100. | Petersen Aluminum Corporation |
|---|---|
| 101. | Precision Control Systems of Indianapolis, Inc. |
| 102. | Print and Converting Resources, LLC |
| 103. | Professional X-Ray Center |
| 104. | Provost Umphrey |
| 105. | R.A.P.E.L. Inc. |
| 106. | Raia Properties Corporation |
| 107. | Rock & Borgelt |
| 108. | Rogers Brothers, Inc. |
| 109. | Rose Printing Services, Inc. |
| 110. | Rothberg, Logan and Warsco |
| 111. | Rowland Design, Inc. |
| 112. | S.E.L., Inc. |
| 113. | Safety Vision |
| 114. | Schiff Nutrition Group, Inc. |
| 115. | Schwarz Paper Company |
| 116. | Select International Corp. |
| 117. | Shaklee Corporation |
| 118. | Siemans Personnel, LLC |
| 119. | Skaff Carpet and Furniture Co. |
| 120. | SSW Holding Company, Inc. |
| 121. | Sr. Care Centers Management, LLC |
| 122. | St. Landry Parish Solid Waste Disposal District |
| 123. | Standard Pacific Corp |
| 124. | State Bank of Lizton |
| 125. | Sterling Heights Dodge Inc. |
| 126. | Supreme Machined Products Co. Inc. |
| 127. | Synergis Technologies Group |
| 128. | Terrebonne Motor Company, Inc. - Barker Automotive Family Savings |
| 129. | Texas Energy Engineers, Inc. |
| 130. | TGW-Ermanco Inc. |
| 131. | The Fitzpatrick Company |
| 132. | The L.D. Kichler Co. |
| 133. | The Merco Group, Inc. |
| 134. | Thermatool Corporation |
| 135. | Trachte Inc. |
| 136. | Trivest Service Corporation |
| 137. | TRUSSAL AND COMPANY |

4

| 138. | United States Brass & Copper |
|------|------------------------------|
| 139. | Utilities Inc. |
| 140. | Venture Encoding Service, LLC |
| 141. | Vijuk Equipment, Inc. |
| 142. | Vulcan Iron Works |
| 143. | White House Manufacturing Corp. |
| 144. | Williams Form Engineering Corporation |
| 145. | Wilson Electric Company |
| 146. | Winnebago Color Press, Inc. |
| 147. | Winston Heat Treating, Inc. |
| 148. | Yokem Motors, Inc. |

# Exhibit B

## Litigation Settlement Timeline

| Event | Deadline |
|---|---|
| Notice shall be provided to the Class | May 30, 2019 |
| Plaintiffs apply to Court for attorney's fees and costs | June 19, 2019 |
| Deadline for requests for exclusion to be submitted | July 9, 2019 |
| Objections by Class Members to Settlement | July 9, 2019 |
| Deadline for appearance of counsel regarding objections | July 9, 2019 |
| Deadline for any party to file with the Court a response to an objection by a Class Member | August 8, 2019 |
| Plaintiffs shall timely file a memorandum in support of final approval | August 8, 2019 |
| Either Defendants or Class Counsel may, in their sole and absolute discretion, terminate the Settlement Agreement by delivering a notice of termination to the other party | August 27, 2019 |
| Fairness Hearing | September 6, 2019 at 11:00 a.m. |