Clerk of the Court        -and-        Schneider Wallace Cottrell Konecky Wotkyns LLP
United States District Court                   Attn: JPM Stable Value Fund ERISA Litigation
Southern District of New York                2000 Powell Street, Suite 1400
Daniel Patrick Moynihan                        Emeryville, CA  94608
United States Court House
500 Pearl Street
New York, NY  10007

In re: J.P. Morgan Stable Value Fund ERISA Litigation, Case No. 12-cv-02548

To the US District Court, Honorable Vernon S. Broderick,

As an injured party in the J. P. Morgan Stable Value Fund ERIS Litigation, <u>I object to the settlement</u>. These are my objections:

1. Criminal activity is alleged, yet the civil settlement <u>averts criminal prosecution</u>. Lacking criminal prosecution, the settlement converts "punishment for wrongdoing" into "cost of doing business." Evil must be punished for its own sake, and compensation to the injured must be in addition to punishment, not instead of punishment.

2. The settlement amount is <u>too small to be punitive</u> to J.P. Morgan Chase as a business entity. In 2018, J.P. Morgan Chase made a profit of $30,000,000,000. This settlement is 0.25% of annual profits, veritable pocket change to J.P. Morgan Chase. J.P. Morgan Chase probably made much more than $75,000,000 on this single dirty deal. The crime and settlement will be net-profitable to J.P. Morgan Chase, encouraging similar behavior by themselves and others.

3. The <u>settlement amount may be too small to meaningfully compensate the losses</u> of individual claimants. The employees and retirees of 372 organizations are involved, so there are likely hundreds of thousands of claimants. The total number of claimants will be known to the court at the time of judgment, and from that information you will learn that claimant awards will average tens of dollars or hundreds of dollars, which is inconsequential to a retiree who lost tens of thousands. After we lost huge amounts in the financial crisis, J.P. Morgan Chase added insult to injury by denying us opportunity to fully participate in the economic recovery, which was done by off-loading their investment error onto the conservative investors.

4. <u>The award to the legal team is too large</u>. The legal team claims 35.7% of the total award including expenses. While it is recognized that the legal team extended unpaid services before judgment, and their risk should be rewarded, the reward is disproportionately high. The legal team extended $1,750,000 in services, and they propose $25,000,000 fee. The fee is therefore 1429% profit. Contrast this with common conventional sales margins in the range of 20% (industrial) to 100% (retail). The legal team's appropriate total share of the settlement is no more than 10% (including costs) of the gross, therefore $7,500,000, still a huge 329% margin on their investment.

Thank you for your consideration.

*James Stfld* (signature)

James Stringfield
132 Jaron Dr
Pottsboro, Texas  75006
309-251-0711

James Stringfield
132 Jaron Dr
Pottsboro, TX 75006

NORTH TEXAS TX PSDC
DALLAS TX 750
21 MAY 2019 PM 3 L

Pro Se
EK

RECEIVED
2019 MAY 24 PM 12: 34
CLERK'S OFFICE
S.D.N.Y.

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Court House
500 Pearl Street
New York, NY 10007

10007-131608