IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
                                                           :    Master File No. 12-CV-2548 (VSB)
IN RE J.P. MORGAN STABLE VALUE                             :
FUND ERISA LITIGATION                                      :            ORDER
                                                           :
                                                           :
-----------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2019

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

VERNON S. BRODERICK, United States District Judge:

Upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement pursuant to the terms of a Second Amended Settlement Agreement (the "Settlement Agreement") dated August 8, 2018 (Doc. 441-1), it is hereby ORDERED AND ADJUDGED as follows:

1. For purposes of this Final Order Approving Class Action Settlement ("Final Order"), except as otherwise defined herein, all capitalized terms shall have the same meaning as in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Settlement Class.

3. The Class has been defined to include one class and three subclasses, as set forth in the Court's order on class certification dated March 31, 2017. (Doc. 377.) The Court finds the objective benchmark referenced in these definitions should be the Lehman/Barclays Intermediate Aggregate Index, and that this objective benchmark complies fully with the Court's class

certification order, as well as the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rules"), the Constitution of the United States, and any other applicable law.

4. Pursuant to Rule 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

5. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. In accordance with the Court's Orders, and as determined by this Court previously, notice was (i) timely distributed by first-class mail to all Class Members who could be identified with reasonable effort, (ii) published in several national newspapers and an international newspaper, and (iii) published on the website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the Office of the Comptroller of the Currency.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities, entitled thereto.

8. All requirements of CAFA have been met, and Defendants have fulfilled their obligations under CAFA.

9. As mentioned above, the Court finds that the Settlement is fair, reasonable and adequate based on the factors set forth in Rule 23(e)(2)(A)-(D), based on the following findings

of fact, conclusions of law, and determination of mixed fact/law questions:

    a. The Settlement was negotiated vigorously and at arm's length by experienced Class Counsel on behalf of the Class;

    b. This Class Action settled after Class Counsel and Defense Counsel engaged in settlement negotiations, with the assistance of an experienced mediator, over the course of several months. The Settling Parties were well positioned to evaluate the value of the Class Action;

    c. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

    d. The amount of the Settlement – $75,000,000 – is fair, reasonable, and adequate given the factors listed in Rule 23(e)(2)(C) as set forth below. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case;

    e. At all times, the Class Representatives have acted independently;

    f. The Plan of Allocation as set forth in Article 6 of the Settlement Agreement and the method of processing class-member claims is approved by the Court. The Court finds that, in allocating the Settlement to the Class Members, it is appropriate and reasonable for the Settlement Administrator to use the Lehman/Barclays Intermediate Aggregate Index as the objective benchmark to determine each individual participant's underperformance, if any, in comparison to the performance of that individual's Stable Value Account.

    g. The proposed award of attorney's fees, including timing of payment, is reasonable in proportion to the benefit obtained by the Class and supports the

fairness of the Settlement.

h.  There are no agreements relating to the Settlement required to be identified under Rule 23(e)(3).

i.  As of July 31, 2019, the Settlement Administrator received 5,733 late claims. After weighing the relevant factors under Second Circuit precedent, the Court directs that the Settlement Administrator accept these claims such that the claimants are Settlement Class members and are bound by the terms of the Settlement Agreement and this Final Order and Judgment. As I ruled at the Fairness Hearing, late claims received prior to September 6, 2019 shall be deemed timely and paid accordingly.

j.  Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court. Three (3) individuals submitted objections in a timely fashion. (Docs. 447, 452 and 453.) These objections are overruled with prejudice.

k.  Five (5) individuals submitted untimely objections on the basis that they wished to be included in the class but had not received timely notice and were unable to submit a timely claim. (Docs. 458, 462.) Plaintiffs have represented that these five (5) objecting individuals submitted claims prior to September 6, 2019 and will be paid. (Docs. 460, 464.) Accordingly, I deem these five (5) objections resolved.

l.  Class Members had the opportunity to exclude themselves from the Settlement by submitting timely and valid opt-out letters, and 89 individuals did so in a

timely fashion. Those individuals are listed in Exhibit "A" to the Judgment entered in accordance with this Final Order

m. Other individuals submitted opt-out forms that were either untimely or not adequately completed. These individuals were not excluded from the Settlement Class. They are Settlement Class members and are bound by the terms of the Settlement Agreement and this Final Order and Judgment.

10. The motion for final approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Settlement Class and, derivatively, to the Plans in which the Settlement Class Members participated, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

11. The operative complaint and all claims asserted therein by Class Representatives on their own behalf or on behalf of the Class Members are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement.

12. The Class Representatives and the Settlement Class members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors agents, attorneys, predecessors successors and assigns), both on their own behalf and derivatively on behalf of the Plans, hereby fully, finally and forever settle, release, relinquish, waive and discharge Defendants and Released Parties from the Released Claims, whether or not such Settlement Class members have executed and delivered a Former Participant Claim Form or Proof of Eligibility Claim Form, whether or not such Settlement Class members have filed an objection to the Settlement or to any application by Class Counsel for an award of

5

Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Settlement Class members have been approved or allowed.

13. The Settlement Class members individually or together, or in combination with others, are hereby barred and permanently enjoined from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including arbitration, individual proceeding, IRS determination letter proceeding, Department of Labor proceeding, proceeding before a state insurance department or commissioner, or other administrative or judicial proceeding) any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement pursuant to the procedures set forth in the Settlement Agreement.

14. Class Counsel, or the Settlement Class members, may hereafter discover facts in addition to or different from those which they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Defendants and the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or might have affected the decision of a Settlement Class member not to object to the Settlement. Notwithstanding the foregoing, each Settlement Class member hereby fully, finally and forever settles, releases, relinquishes, waives and discharges any and all Released Claims.

15. The Settlement Class members hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitations, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which

if known by him must have materially affected his settlement with the debtor." The Settlement Class members with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

16. The Court finds that it has subject matter jurisdiction over the clams herein and personal jurisdiction over Settlement Class members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and/or Article 8 of the terms of the Settlement Agreement. Any motion to enforce Paragraphs 11 through 15 of this Final Order or Article 8 of the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate Article 8 of the Settlement Agreement or this Final Order.

17. Each Settlement Class member shall hold harmless Defendants, Defense Counsel, and the Released Parties for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

18. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant, Authorized Former Participant and Authorized Participant with Proof of Eligibility.

19. With respect to payments or distribution to Authorized Former Participants and Authorized Participants with Proof of Eligibility, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

20. Within thirty (30) calendar days following the issuance of all Settlement payments to Settlement Class members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a Settlement payment and the amount of such payment.

21. Upon entry of this Order, all Settlement Class members shall be bound by the Settlement Agreement and by this Final Order.

SO ORDERED.

Dated: September 23, 2019
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge