IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
:
IN RE J.P. MORGAN STABLE VALUE :
FUND ERISA LITIGATION :
:
:
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2019
```

Master File No. 12-CV-2548 (VSB)

**ORDER**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING PLAINTIFFS'
MOTION FOR AN AWARD OF ATTORNEY'S FEES, COSTS, AND SERVICE
PAYMENTS**

On June 19, 2019, Plaintiffs' filed a Motion for an Award of Attorney's Fees, Costs, and Service Payments (the "Motion") from the common fund created through the Settlement of this case. (Doc. 449). Plaintiffs request this Court's approval of a fee for Class Counsel's and the other Plaintiffs' firms' services in prosecuting and obtaining a Settlement of class claims described and detailed in the Settlement Agreement. (Doc. 441-1). In support of their Motion, Plaintiffs submitted the declarations of Michael M. Mulder and Jason H. Kim among other Plaintiffs' Counsel. (Doc. 449-1, 449-9). On September 6, 2019, I held a Motion Hearing at which counsel for the Class, and counsel with other Plaintiffs firms assisting Class Counsel, appeared and presented arguments regarding Awarding Attorney's Fees, Costs and Service Awards. Counsel for Defendants was also present and does not object to Plaintiffs' Motion.

Now, the Court, having heard argument and having reviewed all of the evidence and other submissions presented with respect to the Motion and the record of all proceedings in this

1

case, enters the following findings of fact and conclusions of law pursuant to Fed. R. Civ. Proc. 23(h) and 52(a):

## FINDINGS OF FACT

1. The Settlement provides a monetary award in the amount of $75,000,000 for the benefit of the Class of 401(k) participants who invested through their employers' plans in JPMorgan stable value offerings. In addition, as of June 30, 2019, the $75,000,000 has accrued interest of $1,273,180.52. The Settlement provides for the Class Members to receive their distribution in the form of a check made out to them individually or as a roll-over into a tax-deferred account. As a result, some Class Members will receive their distribution tax-deferred, further enhancing the $75,000,000 recovery and accrued interest.

2. Class Counsel and Plaintiffs' Counsel assisting them have sought an award for attorney's fees in the amount of $25,000,000, which amounts to one-third (33.3%) of the $75,000,000 Settlement. In addition, they seek reimbursement of $1,468,795.86 in out-of-pocket expenses incurred during the litigation of this matter and a $20,000 service award for each of the twelve Class Representatives.

3. As required by the Settlement and the Court's Preliminary Approval Order approving the Notice (Doc. 425 and 444), Class Counsel directed the mailing of individual notices to the Class. On or about May 15-29, 2019, the Settlement Administrator caused the Notice to be mailed via first-class mail to the last known address of 699,101 401(k) participants, as evidenced by the Settlement Administrator's August 9, 2019 filed proof of mailing. *See* Doc. 457-4, Declaration of JND Senior IT Advisor, Andrew Sommer, ¶ 5. In addition, follow-up efforts were made to send the Notice to individuals whose original Notice was returned as undeliverable. *Id.* at ¶ 7. The Class was also provided Notice by publication and Notice on the

Settlement Website. *Id.* at ¶¶ 6, 8. The Settlement Website posted Class Counsel's Motion for Attorney's Fees and Costs and Service Awards with supporting declarations, and the Memorandum in Support.

4. The Notice provided the following information to the Class about Class Counsel's application and award of fees and costs.

> Co-Lead Class Counsel will apply to the Court for payment of attorney's fees and costs for their work in the case. Co-Lead Class Counsel will request fees not to exceed one-third of the $75,000,000 Settlement Amount and will request reimbursement of litigation costs not to exceed $1,750,000. Any attorneys' fees and costs awards by the Court to Co-Lead Class Counsel will be paid from the Qualified Settlement Fund. Co-Lead Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the Net Settlement Amount.

In addition, the Notice informed the Class that Class Counsel would seek service payments not to exceed $20,000 for each of the Class Representatives.

5. Although over 699,101 individual Notices were mailed to potential Class Members, only three Class Members filed objections of any kind to the Settlement. Of the three objections, only one protested the reasonableness of the requested fees, and a second objector believed Defendants should pay the administrative costs of the Settlement to Class Members. These objections are overruled for the reasons set forth below.

6. The Declarations and Exhibits submitted with the Motion demonstrate that Class Counsel expended 26,952 hours over seven years of litigation, with a total lodestar of $17,644,916, and advanced out-of-pocket costs of $1,468,795.86.

## CONCLUSIONS OF LAW

1. The Court finds that the Notice gave Class Members notice "in a reasonable manner" of Class Counsel's motion for an award of attorney's fees and costs and service

payments, and properly informed them of their right to comment or object in accordance with Fed. R. Civ. P. 23(h).

2. The "common fund" doctrine allows Class Counsel to draw a reasonable fee as a percentage of the fund created by a settlement for the benefit of the Class. *Boeing Co. v. VanGemert,* 444 U.S. 472, 478 (1980). Under *Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000), "the traditional criteria in determining a reasonable common fund fee, includ[e]: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) the quality of representation; (5) the requested fee in relation to the [recovery]; and (6) public policy considerations." In addition to the criteria set forth in *Goldberger*, courts in the Second Circuit consider the reaction of the class to the fee request in deciding how large a fee to award. *In re Hi-Crush Partners L.P. Sec. Litig.,* No. 12-CIV-8557 CM, 2014 WL 7323417, at *18 (S.D.N.Y. Dec. 19, 2014). The Court finds, consistent with "a jealous regard to the rights of those who are interested in the fund," *Goldberger,* 209 F.3d at 53, that all six *Goldberger* factors, and the fact there were only two objections to fees and costs, support a one-third (33%) attorney fee award of $25 million.

(i) <u>Time and Effort.</u> Class Counsel expended very significant time and resources in prosecuting this action, all with no guarantee of payment. Class Counsel, and the Plaintiffs' firms assisting Class Counsel expended 26,952 hours over seven years of litigation and advanced out-of-pocket costs of $1,468,795.86.

(ii) <u>Magnitude and Complexities</u>. The case was exceedingly difficult and complex and of considerable scope and extraordinarily long duration.

(iii) <u>Risk.</u> Counsel faced very high risks of non-recovery from the inception of the case in 2012 through the Settlement reached in 2018, including merits risks, and risks

4

proving damages that could have resulted in zero recovery for the Class and Class Counsel. The Settlement came at a time that avoided the risk that some or all of the Class' claims could have been decided adversely in conjunction with the Defendants' pending motion for summary judgment.

(iv)  <u>Quality of Representation.</u>  On December 8, 2014, in conjunction with its Order of Consolidation, this Court appointed the Law Offices of Michael M. Mulder and Schneider Wallace Cottrell Konecky & Wotkyns LLP ("Schneider Wallace") to serve as interim lead Class Counsel in this matter. Doc. 178. Then on March 31, 2017, this Court certified the Class and Subclasses and ruled on Plaintiffs' request to appoint interim lead counsel as co-lead Class Counsel as follows:

> After consideration of the requirements of Rule 23(g), given their experience and demonstrated knowledge in this area of law, and in absence of an objection by Defendants, The Law Offices of Michael M. Mulder and Schneider Wallace Cottrell Konecky & Wotkyns LLP will be appointed as co-class counsel.

(Doc. No. 337 at 34). Since that time, the Court has reviewed the Settlement, and Class Counsel's filings in support of it, and Class Counsel has appeared before it at the Preliminary Approval Hearing on January 12, 2018, and finds that the Class has been well represented in this matter.

(v)  <u>Fee in Relation to the Recovery.</u>  The monetary recovery obtained by Class Counsel in the Settlement of $75,000,000, plus accrued interest of $1,273,180.52 is, by itself, substantial. Moreover, the Settlement provides for Current Participants to receive tax-deferred distributions in the form of direct deposits to their existing accounts and gives Former Participants the right to direct their distribution from the common fund into a tax-deferred

vehicle, such as an IRA. Given this, the ultimate value of the monetary relief to Class Members will likely be substantially more than $75,000,000.

        (vi)    <u>Public Policy.</u> Public policy considerations weigh in favor of granting the requested fees. In awarding attorneys' fees in common fund cases, "the Second Circuit and courts in this district… also have taken into account the social and economic value of class actions, and the need to encourage experienced and able counsel to undertake such litigation." *In re Sumitomo Copper Litig.,* 74 F. Supp. 2d 393, 399 (S.D.N.Y. 1999). Attorneys' fees should "reflect the important public policy goal of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest." *Id.* Fee awards "should also serve to encourage skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons, and to discourage future alleged misconduct of a similar nature." *Shapiro v. JPMorgan Chase & Co.,* No. 11-cv-7961 CM, 2014 WL 1224666, at *18 (S.D.N.Y. Mar. 24, 2014).

This is especially true in ERISA class actions. As the court recognized in *In re Marsh ERISA Litigation*, 265 F.R.D. 128, 149-50 (S.D.N.Y. 2010), "Congress passed ERISA to promote the important goals of protecting and preserving the retirement savings of American workers" and "[t]he ERISA statute specifically encourages private enforcement."

This case had an extra contribution to the public interest—even beyond the typical public interest attendant to ERISA class actions: acting in lieu of enforcement by the U.S. Department of Labor, thus saving scarce public resources. As set forth in the Mulder Declaration, Class Counsel, and the Plaintiffs firms assisting Class Counsel, provided information and analysis critical to the DOL investigation, and the settlement achieved in this case was sufficiently favorable as to obviate the need for any enforcement action by the DOL. (Doc. 449-1, Mulder

6

Decl. ¶¶ 33-56). Accordingly, public policy strongly supports the attorneys' fees requested by Class Counsel.

Other Considerations

(vii) <u>Awards in Other Cases</u>. The requested award compares very favorably to awards in other ERISA class actions within this Circuit including *In re Marsh*, 265 F.R.D. at147-150 (awarding 33.3 percent of the common fund in ERISA action), *Osberg v. Foot Locker, Inc.*, No. 07-cv-1358, Doc. 426 (S.D.N.Y. June 6, 2018)(awarding attorneys' fee award of $95,198,381, equal to one-third of the common fund of $288,479,943 in ERISA breach of fiduciary duty case), *Leber v. The Citigroup 401(k) Pension Plan Investment Committee, et al.*, No. 07-cv-09329, Doc. 294 (S.D.N.Y. Jan. 3, 2019)(awarding attorneys' fees of one-third of the monetary fund in ERISA breach of fiduciary duty case); and *Carver v. Bank of New York Mellon, et al.*, No.17-cv-10231 JPO, Doc.11 (S.D.N.Y. May 23, 2019)(same).

(viii) <u>The Class's Reaction.</u> Under the circumstances here, the Class's lack of objection should be taken to mean that the Class consents to Class Counsel's request and finds it reasonable. "In addition to the criteria set forth in *Goldberger,* courts in the Second Circuit consider the reaction of the Class to the fee request in deciding how large a fee to award." *In re Hi-Crush Partners L.P. Sec. Litig.,* 2014 WL 7323417, at *18. *See also Maley v. Del Glob. Techs. Corp.,* 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (awarding attorney's fees of 33 1/3 percent where the "overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application.")  Here, the notice campaign was unusually successful, with roughly 699,1010 notices sent and only a very small number of notices returned as undeliverable. (Sommer Decl. ¶ 7). Yet only two Class Members have objected as to the reasonableness of the fees and costs.  I overrule those objections for reasons set forth below.

7

(ix)     <u>Timing of Payment.</u> The Court further finds that the proposed award of fees and costs is reasonable under Fed. R. Civ. P. 23(e)(2)(c)(iii), because the timing of its payment is anticipated to be ten (10) business days after the Settlement Effective Date as that term is defined by the Settlement.

(x)     <u>Lodestar Cross-Check.</u> When a percentage-of-the-fund approach is used, the Court may also use a lodestar "cross-check" based on a summary of hours to test the reasonableness of the percentage. *Wal-Mart Stores, Inc. v. Visa U.S.A, Inc.,* 396 F.3d 96, 123 (2d Cir. 2005). Applying the lodestar method as a cross-check, this Court finds that the fee Class Counsel seeks is reasonable. Based on Class Counsel's reported lodestar of $17,644,916, the requested one-third award of the common fund equates to an implied multiplier of 1.4, which is in line with implied multipliers approved in other comparable cases in this Circuit and elsewhere. *See In re Colgate-Palmolive Co. ERISA Litigation*, 36 F. Supp. 3d 344, 353 (S.D.N.Y. 2014) (the mean lodestar multiplier in ERISA cases was 2.1).

3.     The two objections are also overruled for the following reasons:

(i)     <u>Objection of Warren K. Holopigian</u>

Mr. Holopigian objects (Doc. 453) to one term in the Settlement, namely "…the imposition of the direct costs of processing and delivering associated with the distribution of the Underperformance Amount of every class member."  He contends that "[h]ad the investments been prudently managed and in accordance with EIRSA [sic] all returns paid would have automatically been credited to the appropriate account at no cost, which is standard industry practice."  He concludes by arguing that the term diminishes the distribution but, in effect, penalizes Class Members for pursuing this action.

Under the terms of the Settlement and established law, neither the objectors nor the Court are allowed to pick and choose the terms of the Settlement they may desire to have modified. Instead, the question for the Court is whether the Settlement should be approved in total as proposed or rejected. *See Plummer v. Chemical Bank*, 668 F.2d 654, 655 n.1 (2d Cir. 1982) ("[T]he district court judge should not take it upon himself to modify the terms of the proposed settlement decree, nor should he participate in any bargaining for better terms"). It is typical for settlement costs (including attorney's fees) to be paid from the settlement fund rather than being assessed against Defendants directly.

(ii)     Objection James Stringfield

Mr. Stringfield identifies (Doc. 447) four separate objections to the Settlement and one of those objects to the fees Class Counsel has requested the Court approve. Mr. Stringfield states "[t]he award to the legal team is too large." But his objection ignores the 26,952 hours the firms expended prosecuting the case which were all at risk and with no compensation received for the past seven years. Instead, he looks only at the out-of-pocket costs Class Counsel advanced and claims the $25,000,000 fee sought is a 1429% profit ($1,750,000 x 1429% = $25,007,500). As seen in Class Counsel's fee petition, their lodestar has a value of $17,644,916 and they seek a modest multiplier of 1.4.

4.     Plaintiffs are entitled to reimbursement of reasonable litigation expenses out of the common fund created for the benefit of the Class. The $1,468,795.86 in requested out-of-pocket litigation expenses and costs incurred have been adequately documented, were reasonably incurred in connection with the prosecution of this action, and are reasonable for a case of this complexity, scope, and duration, as they amount to less than two percent of the fund. *See, e.g., In*

9

*re: Libor-Based Financial Instruments Antitrust Litig.*, 11 Civ. 5450, 2018 WL 3863445, *1 (S.D.N.Y. Aug. 14, 2018).

5. The service awards requested for the twelve Class Representatives (Rosemary Dotson, Caroleta M. Duran, Nancy Dye, John M. Gates, Mark D. Grandy, Clay Hedges, Michael Knee, Terry J. Koch, Eric M. Murphy, Scott Newell, John Stolwyk and Richard Whitley) in the amount of $20,000 each are well-deserved, appropriate, reasonable in proportion to the total amount of the Settlement, and in line with those awarded in other cases. *See, e.g., Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 430 (2d Cir. 2007). As set forth in the Mulder Declaration, the Class Representatives have, from the very beginning of the case, expended considerable time, effort, and resources on behalf of the Class.

Wherefore, having considered all the above-referenced documents and the related arguments presented by counsel before this Court previously and in light of the above findings of fact and conclusion of law, IT IS HEREBY ORDERED that:

1. The $25,000,000 fees award is approved and shall be disbursed within ten (10) business days of the Settlement Effective Date from the Qualified Settlement Fund to Schneider Wallace to distribute among Co-Lead Class Counsel and the other Plaintiffs' firms that assisted in representing the Class;

2. The $1,468,795.86 in requested out-of-pocket litigation expenses and costs are approved and shall be disbursed within ten (10) business days of the Settlement Effective Date from the Qualified Settlement Fund to Schneider Wallace to distribute among Co-Lead Class Counsel and the other Plaintiffs' firms that assisted in representing the Class; and

3. The service awards requested for the twelve Class Representatives in the amount of $20,000 each are approved.  $240,000 shall be disbursed within five (5) business days of the

Settlement Effective Date from the Qualified Settlement Fund to the Settlement Administrator, who shall then promptly pay each of the following Class Representatives $20,000 each: Richard Whitley, Caroleta M. Duran, Terry J. Koch, Mark D. Grandy, John M. Gates, Scott Newell, Michael Knee, Eric M. Murphy, Nancy Dye, John Stolwyk, Clay Hedges, and Rosemary Dotson.

SO ORDERED.

Dated: September 23, 2019
      New York, New York

*Vernon S. Broderick*
United States District Judge